**Martha G. WHITFIELD, Appellant,**
**v.**
**UNITED STATES of America,**
**Appellee.**
**No. 22682.**

United States Court of Appeals
Ninth Circuit.

Oct. 7, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 630.

Claude L. Rowe (argued), Lucius Powers, Jr. (argued), Fresno, Cal., for appellant.

Ronald S. Morrow (argued), Asst. U. S. Atty., William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before POPE and HAMLEY, Circuit Judges, and PLUMMER, District Judge.*

---

HAMLEY, Circuit Judge:

Mrs. Martha G. Whitfield was convicted on two counts of willful attempt to evade and defeat payment of federal income taxes, in violation of section 7201 of the Internal Revenue Code of 1954, 26 U.S.C. § 7201 (1964). After the trial court denied her application for probation, it imposed a one year sentence on each count, the sentences to run concurrently. On appeal from the conviction, we affirmed. Whitfield v. United States, 9 Cir., 383 F.2d 142.

On the day the mandate of this court was issued, Mrs. Whitfield filed in the district court a motion, purportedly under Rule 35, Federal Rules of Criminal Procedure, to correct or reduce the sentence. The district court denied the motion and defendant took this appeal.[1]

One ground for relief urged in the Rule 35 motion is that the court unlawfully denied defendant probation at the time of sentencing. The denial of probation was unlawful, Mrs. Whitfield asserted,

> " * * * in that said sentence was imposed by the Court under the erroneous and illegal assumption of law that the defendant was not as much entitled to probation where as here she had pled not guilty as a defendant who pleads guilty."

At the oral argument in the district court, and in her brief on this appeal, defendant expands this contention to include the assertion that probation was denied not only because she had pleaded not guilty, but also because, after conviction, she would not admit guilt, nor waive her right to appeal from the judgment of conviction.

There is considerable doubt whether this probation issue is properly before us. Since the denial of probation took place before the appeal from the conviction the issue should have been raised

---

* The Honorable Raymond E. Plummer, United States District Judge for the District of Alaska, sitting by designation.

1. On this appeal, Mrs. Whitfield does not ask this court to reduce or modify the sentence. Instead, she asks only that we vacate the sentence and remand the case for resentencing with the instruction that a convicted person has a right to ask for probation without first admitting guilt.

on that appeal. Moreover, strictly speaking, a Rule 35 motion pertains only to the correction or reduction of a sentence; neither the suspension of sentence nor the granting of probation constitutes the correction or reduction of a sentence. See Phillips v. United States, 8 Cir., 212 F.2d 327.

In addition, there are expressions in past decisions of this court indicating that an appeal will not lie from the denial of probation. Bryson v. United States, 9 Cir., 265 F.2d 9, 13; Elder v. United States, 9 Cir., 142 F.2d 199, 201. It is fair to note, however, that Bryson relied only on Elder, and in Elder this court cited, as authority, Burr v. United States, 7 Cir., 86 F.2d 502, 503, which held that denial of probation is reviewable for abuse of discretion. See, also, United States v. Wiley, 7 Cir., 267 F.2d 453, 278 F.2d 500; United States v. White, 3 Cir., 147 F.2d 603.

In this case we elect to disregard these possible barriers to a determination of the probation issue on the merits.

■■ Probation cannot be demanded as of right; it is a privilege which may be granted or withheld within the discretion of the district court. Both the applicable statute (18 U.S.C. § 3651 [1964]) and the applicable rule (Rule 32[e], Federal Rules of Criminal Procedure), use the permissive "may" rather than the mandatory "shall." It follows that if any appellate review of the denial of probation is permissible, the sole issue is whether there was an abuse of discretion.

■ In general, an abuse of discretion is not shown unless it is manifest from the record that probation was denied for some arbitrary reason wholly unrelated to the statutory standard to be applied in determining whether to grant probation.[2] Abuse of discretion is not shown by the fact that the appellate judges may be strongly of the opinion that if they had been sitting in the place of the district judge they would have granted probation. United States v. Wiley, 7 Cir., 278 F.2d 500, 502.

■ Examination of the record indicates that there is no basis for the assertion that probation was denied Mrs. Whitfield because she pleaded not guilty or because she did not waive her right to appeal the judgment of conviction. In fact, at the hearing on the Rule 35 motion, the district court expressly stated that probation was not denied on either of these grounds.

In the probation report and in a memorandum submitted by the United States Attorney in opposition to the Rule 35 motion, the Government urged that since Mrs. Whitfield persisted in maintaining her innocence even after her conviction, no rehabilitation purpose would be served by granting probation. The district court apparently shared this view, and the record indicates that it was the principal, if not the only, reason that probation was denied.[3] Without intending to intimate what significance it would have were the fact otherwise, it should be noted that there is no suggestion in the record that the district court, in denying probation

2. The statutory standard is expressed in the first paragraph of section 3651, as follows:
"* * * any court * * * when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may * * * place the defendant on probation * * *."

3. The following observation made by the district court during the course of the hearing on the Rule 35 motion, is indicative of the district court's point of view:
"THE COURT: But my question is, why probation? In other words, if you agree there is no rehabilitation indicated here and, of course, that's the probation officer's point, that where she doesn't admit she ever did anything wrong, there isn't anything to rehabilitate, so there isn't anything he can do and, further, probation has to be based upon trust and confidence and if she won't tell the truth to the probation officer or to the court, then there's no basis for probation.
"That's why I think your argument should be limited to no sentence or a jail sentence. I don't think probation is indicated at all. I don't see what the probation officer could do to help her. You haven't told me."

on this ground, was invoking a standard of its own which it uniformly applies in all cases.[4]

Probation is intended to be a means of restoring to society offenders who are good social risks; to afford the unfortunate another opportunity by clemency. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399. It is designed to aid the rehabilitation of a "penitent offender"; to take advantage of an opportunity for "reformation" which active service of the suspended sentence might make less probable. Berman v. United States, 302 U.S. 211, 213, 58 S.Ct. 164, 82 L.Ed. 204, citing Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266; Phillips v. United States, 8 Cir., 212 F.2d 327. As the Supreme Court said in United States v. Murray, 275 U.S. 347, 358, 48 S.Ct. 146, 149, 72 L.Ed. 309:

> "Probation is the attempted saving of a man who has taken one wrong step and whom the judge thinks to be a brand who can be plucked from the burning at the time of the imposition of the sentence."

We need not here decide whether an admission of guilt following conviction, but prior to appeal may, under some circumstances, have such a chilling effect upon the exercise of the right to appeal that it ought not to be exacted as the price for probation. We are not being asked to review the initial denial of probation, but the denial of a Rule 35 motion made after appeal and affirmance. Whatever adverse effect a pre-appeal admission of guilt might have had on defendant's contemplated appeal, no such consideration remained after affirmance of the conviction. Yet defendant persisted in her refusal to concede wrongdoing.

██ Under these circumstances, the district court did not err in denying the Rule 35 motion. At least where an admission of guilt cannot jeopardize a prospective appeal, and having in view the purposes of probation referred to above, it is not an abuse of discretion for a district judge to deny probation to a person who, after conviction, will not admit wrongdoing.

Two additional grounds for relief urged in the Rule 35 motion are that the sentence was in violation of the maximum authorized by law, and that the sentence amounted to cruel and unusual punishment within the meaning of the Eighth Amendment.

These grounds for relief are frivolous. Under section 7201 of the Internal Revenue Code of 1954, defendant could have been sentenced to five years in prison and fined $10,000 on each of two counts, the sentences to run consecutively. As before indicated, defendant actually received one year concurrent sentences and no fine. On this appeal, defendant offers no argument in support of these two grounds for Rule 35 relief.

The other grounds for relief urged in the Rule 35 motion are that the verdict is unsupported by any evidence in the record and that the verdict is based on false evidence produced by the Government with knowledge of, or reason to know of, its falsity. A number of affidavits were tendered in support of this latter ground alleging facts outside the record.[5]

██ These grounds for relief are not cognizable on a Rule 35 motion. A proceeding under Rule 35 presupposes a valid conviction. Its only function is to permit correction of an illegal sentence,

---

4. We make this observation because, on this appeal, defendant asserts that it is "impossible" to distinguish this case from United States v. Wiley, 7 Cir., 267 F.2d 453, 278 F.2d 500, 504, where the trial judge announced from the bench that it was the standard policy of his court that a defendant who pleads not guilty, stands trial, and is convicted will not be eligible for probation.

5. The evident purpose in offering these affidavits was to bring before the district court new or additional evidence tending to show that defendant should not have been convicted of income tax evasion on the "net worth" theory. However, defendant did not move to set aside the judgment and grant a new trial on the ground of newly-discovered evidence, pursuant to Rule 60(b) (2), Federal Rules of Civil Procedure.

not to re-examine other proceedings prior to the imposition of sentence. Redfield v. United States, 9 Cir., 315 F.2d 76, 81. In such a proceeding extrinsic evidence as to the defendant's innocence is irrelevant. See Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417; Gilinsky v. United States, 9 Cir., 335 F.2d 914, 916, 917.

In her reply brief defendant argues for the first time that our prior decision affirming her conviction, wherein we held that she was not entitled to a full *Miranda* warning (Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694), was overruled by the Supreme Court in Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381, which held that investigators of the Internal Revenue Service are bound by the *Miranda* warning requirements.

Defendant misreads our prior decision. We based that decision on the fact that *Miranda* is applicable only to persons whose trials had not begun as of June 13, 1966, Johnson v. State of New Jersey, 384 U.S. 719, 734, 86 S.Ct. 1772, 16 L.Ed. 2d 882; Mrs. Whitfield's trial began in October, 1965. Thus Mathis v. United States is irrelevant to our prior decision and does not change defendant's rights in any way.

Affirmed.