**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leon KARP, Defendant-Appellant.**

**No. 83–5307.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 3, 1984.

Decided June 25, 1985.

Poole, Circuit Judge, filed dissenting opinion.

Curtis B. Rappe, Los Angeles, Cal., for plaintiff-appellee.

Paul Caruso, Beverly Hills, Cal., Janet Sherman, Santa Monica, Cal., for defendant-appellant.

Before GOODWIN, FARRIS and POOLE, Circuit Judges.

GOODWIN, Circuit Judge.

Leon Karp seeks relief from a federal prison sentence that was imposed ten years ago but which, because of the government's negligence, he has not yet begun to serve.

Karp was convicted in 1974 of possession of counterfeit bills and sentenced to a three-year prison term. We affirmed the conviction, *United States v. Karp,* 508 F.2d

1122 (9th Cir.1974), and issued our mandate.

In March 1975, at Karp's request, the district court stayed enforcement of our mandate pending the Supreme Court's disposition of Karp's petition for writ of certiorari. The Supreme Court denied certiorari in June 1975, 422 U.S. 1007, 95 S.Ct. 2628, 45 L.Ed.2d 669, and notified Karp's attorney of its action.

Karp never surrendered himself to serve his sentence after the Supreme Court denied certiorari, nor did the government take steps to take him into custody. In October 1983, the government discovered that Karp had never been in custody under the sentence and moved to terminate the district court's March 1975 stay and remand Karp to custody. Karp then filed a motion to "correct" his sentence to a term of probation under Fed.R.Crim.P. 35(a) or to reduce it under Rule 35(b). The district court, believing that it had no choice, ordered Karp to serve his sentence. Karp appeals.

In essence Karp asked the district court to alter his sentence or release him from it altogether. A district court may correct an illegal sentence at any time under 28 U.S.C. § 2255 [1] and Fed.R.Crim.P. 35(a), and it may reduce a legal sentence within the time period prescribed by Fed.R.Crim.P. 35(b). However, Karp's sentence is not illegal and thus cannot be corrected under § 2255 or Rule 35(a), and his motion for reduction of sentence under Rule 35(b) is several years too late.

Although Karp does not present a case for relief under Rule 35, the district court has power to place him on probation. The Probation Act, 18 U.S.C. §§ 3651 et seq., empowers the district courts to suspend a sentence and place the defendant on probation. The issue in this case is how long the district court retains the power to order probation.

As originally enacted, the Probation Act gave the district courts power to order probation "after conviction or after a plea of guilty or nolo contendere." [2] We held shortly after the Act was passed that this language did not limit a district court to ordering probation at the time the court entered a judgment of conviction; rather, it permitted the district court to order probation at any time so long as the defendant had not yet begun to serve his sentence. *Nix v. James,* 7 F.2d 590 (9th Cir.1925). A few years later, the Supreme Court held that the Probation Act did not by its terms set an outer limit within which the district court must order probation after a defendant started serving his sentence. *United States v. Murray,* 275 U.S. 347, 356–358, 48 S.Ct. 146, 148–49, 72 L.Ed. 309 (1928). However, the Court did say that probation must be ordered before any part of the sentence upon the judgment of conviction has been served, and cited our opinion in *Nix* as being consistent with its opinion. 275 U.S. at 358, 48 S.Ct. at 149.

*Murray* and *Nix* do not say whether a district court must order probation within the time limits of Rule 35(b) because the rule did not exist when those cases were decided. Subsequent cases have said that probation need not be ordered within the Rule 35(b) time limits. *Phillips v. United States,* 212 F.2d 327, 334 (8th Cir.1954). *See United States v. Ellenbogen,* 390 F.2d 537, 541 (2d Cir.1968) (dictum); *Whitfield v. United States,* 401 F.2d 480, 482 (9th Cir.1968).[3]

**1.** Karp did not invoke § 2255 in the district court, but his Rule 35(a) motion is sufficient to permit him to ask for § 2255 relief on appeal. *Andrews v. United States,* 373 U.S. 334, 337–338, 83 S.Ct. 1236, 1238–1239, 10 L.Ed.2d 383 (1963).

**2.** Probation Act, ch. 521, § 1, 43 Stat. 1259 (1925). Although Congress replaced the words "after conviction or after a plea of guilty or nolo contendere" with "upon entering a judgment of conviction" when it codified and revised federal

criminal law in 1948, it did not intend the change of language to alter the meaning that the Act had before revision. *Affronti v. United States,* 350 U.S. 79, 82, 76 S.Ct. 171, 173, 100 L.Ed. 62 (1955).

**3.** Holding that the power to grant probation is independent of Rule 35(b) also is consistent with our opinion in *Nix v. James.* At the time *Nix* was decided, a district court could not alter a judgment unless it did so in the same term of

In 1979 Rule 35(b) was amended to provide that "[c]hanging a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision." We read this 1979 amendment as permitting a district court to place a defendant on probation when it reduces a sentence under Rule 35(b), even if the defendant has already begun serving his sentence. Because of *Murray*, district courts prior to the 1979 amendment could not order probation when reducing a sentence pursuant to Rule 35(b) if the defendant had already begun to serve his sentence. The amendment reveals no legislative intent to go beyond the *Murray* problem. It contains nothing to suggest that all grants of probation must be made within the Rule 35(b) time limits. Moreover, the advisory committee note to Rule 35 says that the 1979 amendment changes existing law "[t]o the extent that [it] permits the judge to grant probation to a defendant who has already commenced service of a term of imprisonment." As discussed earlier, the law in 1979 was that Rule 35(b) did not govern the granting of probation, and the advisory committee note does not suggest that the amendment has changed this part of the law.

■■■ We do not hold that the trial court has any power under Rule 35 to reduce a sentence after the Rule 35 time limits have expired. We do hold that, wholly apart from Rule 35, the sentencing court has had the power since 1925 to order probation for a convicted defendant at any time before the execution of the pronounced but unexecuted sentence begins. The statutory basis for probation and the strict requirement that it not be ordered after execution of the sentence begins are fully explained in *Murray*, 275 U.S. at 356–357, 48 S.Ct. at 148–149. The principles enunciated in *Murray* have not been repealed or modified by subsequent expansions of the court's authority under Rule 35. As noted earlier, this is not a Rule 35 case. The case challenges the trial judge's authority to order probation, and nothing more.

Because Karp had not yet begun to serve his sentence, the district court had power to place Karp on probation. It had no duty to do so. We remand the case to the district court to permit it to exercise this power if it sees fit to do so. Whether Karp is a worthy candidate for probation is a matter wholly within the competence of the trial court to decide.

In briefs and argument Karp raised a number of theories that the unexecuted sentence, by the passage of time, somehow became illegal or unconstitutional. Because we are remanding the case to the district court to permit the district judge to consider probation pursuant to 18 U.S.C. § 3651 *et seq.*, we need not reach, and express no opinion on, the constitutional questions tendered by the appeal.

Remanded.

POOLE, Circuit Judge, dissenting.

I respectfully dissent from the court's ruling that a district court may grant probation after expiration of the 120 days allowed by Rule 35 of the Federal Rules of Criminal Procedure. My reasoning is uncomplicated: The Rule puts a 120-day limit on the court's power to reduce a sentence after receipt of a mandate affirming a judgment of conviction or dismissing an appeal, or after the Supreme Court has denied a petition for certiorari. A modification of a prison sentence to one of probation is a "reduction." The time here had expired. The court could not, under Feder-

court in which the judgment was entered. *Nix*, 7 F.2d at 591–592. *Nix* concluded that the Probation Act overrode this general rule and held that the district court had power to grant probation even though the defendant asked for it after the term in which he was convicted. Rule 35 is the successor to the district courts' former pow-

er to alter a judgment within the term in which it was entered. Fed.R.Crim.P. 35 advisory committee note. If the power to grant probation was not limited by the former term-of-court rule, it is consistent to hold that Rule 35, the successor to that rule, also does not limit it.

al Rules of Criminal Procedure 35(b) and 45(b), grant that reduction.

As amended effective August 1, 1979, Rule 35(b) states in clear words that:

> Changing a sentence from a sentence of incarceration to grant of probation shall constitute a permissible reduction of sentence under this subdivision.

If probation following an original sentence of incarceration is a reduction, I do not know why it is not governed by the time limits of Fed.R.Crim.P. 35(a). Nothing in the majority's analysis shows the contrary.

In 1925 the Probation Act was passed granting authority to place a convicted defendant on probation. That same year this circuit held in *Nix v. James*, 7 F.2d 590 (9th Cir.1925), that the power to grant probation was not limited by the term of court rule which precluded adjustment of judgments after expiration of the term of court in which a judgment was rendered. *Nix* held that probation could be granted after expiration of the term, but not after the defendant had begun to serve his sentence. This was to prevent the courts from disrupting the functions of the custodial and parole authorities once the defendant had been committed to their custody.

Rule 35(b) was not yet in existence when *Nix* was decided, nor when its rule was approved by the Supreme Court in *United States v. Murray*, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928), or when it was confirmed in *Affronti v. United States*, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955).

By order of the Supreme Court of February 8, 1946, the Federal Rules of Criminal Procedure became effective as of March 21, 1946. *See Order*, 327 U.S. 825 (1946). Included was Rule 35, which read:

> The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari.

*Id.*, 327 U.S. at 856. As originally adopted, the period for reducing a sentence was limited to 60 days. This was changed by amendments of February 28, 1966, effective July 1, 1966, to provide a period of 120 days:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

The Notes of Advisory Committee on Rules say that the last sentence in the amended version was added:

> to make clear that the time limitation imposed by Rule 35 upon the reduction of a sentence does not apply to such reduction upon the revocation of probation authorized by 18 U.S.C. § 3653.

Obviously, a revocation may take place long after 120 days and section 3653 gives the court great flexibility upon revocation to order the probationer to serve the original sentence imposed, to serve any *lesser* sentence, or if sentence was suspended, to undergo any sentence which might originally have been imposed. It should be noted that the Advisory Note only speaks of "revocation," not the *grant* of probation, as being outside the 120 day limit.

After the rules were adopted, this circuit and others continued to apply the *Nix* and *Murray* rules allowing the courts to grant probation at any time before the defendant began service of his sentence. Courts made a distinction between grants of probation (i.e., "straight" probation or "informal" probation in the form of suspension of sentence), and the entry of orders reduc-

ing sentences under Rule 35(b). The rationale was that authority to grant probation was based purely on statute, whereas the authority to correct or reduce a sentence was said to be "an inherent power of the court and is one aspect of the control which a court retains over a judgment which it has entered." *United States v. Ellenbogen*, 390 F.2d 537, 540 (2d Cir.1968) (dictum).

Further, since probation was said to constitute neither a correction nor a reduction of sentence, the only time limitation was the beginning of service of the sentence, *United States v. Murray*, 275 U.S. 347, 354, 48 S.Ct. 146, 148, 72 L.Ed. 309; *Affronti v. United States*, 350 U.S. 79, 83, 76 S.Ct. 171, 173, 100 L.Ed. 62. As the Second Circuit observed in *Ellenbogen*, decided six months before the 1968 amendment came into effect:

> But the beginning of the service of the sentence is the only time limit placed upon the exercise of the court's probationary power. The running of the 120 day period provided in Rule 35 has no effect whatsoever upon the power to suspend sentence and to grant probation. (Citations omitted.)

*Ellenbogen*, 390 F.2d at 543.

This circuit held a similar view in 1968. In *Whitfield v. United States*, 401 F.2d 480 (9th Cir.1968), the defendant made a Rule 35 motion to reduce or correct the denial of probation. The motion was made on the same day that a prior appeal from sentence was affirmed by this circuit. The defendant then appealed from the denial of the motion. We expressed doubt whether the appeal was valid since the issue could have been raised on the first appeal. We said:

> Moreover, strictly speaking, a Rule 35 motion pertains only to the correction or reduction of a sentence; neither the suspension of sentence nor the granting of probation constitutes the correction or reduction of a sentence. *See Phillips v. United States*, 8 Cir., 212 F.2d 327.

In 1979, however, Rule 35(b) was again amended changing the law as held in *Affronti* that there could be no probation after the prisoner had commenced service of his sentence because (1) it would blur the distinction between probation, parole, and pardon, and (2) would open the way to increasing applications for probation throughout the prison term. The Rule now reads:

> (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> (b) Reduction of Sentence. The court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentences under this subdivision.

The Advisory Committee Notes explain that

> In construing the statute in *Murray* and *Affronti*, the Court concluded Congress could not have intended to make the probation provisions applicable during the *entire* period of incarceration (the only other conceivable interpretation of the statute) for [the reasoning set forth herein at page 2] * * *. Those concerns do not apply to the instant provisions, for the reduction may occur only within the time specified in subdivision (b). This change gives "meaningful effect" to the motion to reduce remedy by allowing the court "to consider all alternatives that were available at the time of imposition of the original sentence." *United States v. Golphin*, 362 F.Supp. 698 (W.D.Pa. 1973). (Emphasis in original.)

In my view, the Committee's language, "the reduction may occur only within the

time specified in subdivision (b)", means that the "permissible reduction" by way of subsequent probation can occur within 120 days. This is the plainest meaning and it makes sense. If the district court may directly reduce a sentence of confinement within only 120 days of the judgment, or of appellate finality, there is no sound basis for holding that it may make the same reduction—calling it probation—after all those times have expired.

This seems to be all the more clear in view of the provisions of Fed.R.Crim.P. 45, relating to enlargement of time. In its original 1946 form, Rule 45 contained a subsection (c) providing that

> The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the expiration of a term of court. The expiration of a term of court in no way affects the power of a court to do any act in a criminal proceeding.

This subsection was eliminated in 1966. The 1966 amendment allowed the court for cause shown to enlarge the period for entertaining motions to alter or amend orders if the request therefor was made within the original period; or to enlarge even thereafter, if failure to act was the result of excusable neglect; but the subsection specifically stated that:

> the court may not extend the time for taking any action under Rules 29, 33, 34, and *35*, except to the extent and under the conditions stated in them. (Emphasis supplied.)

The majority argues that the limitation on reductions in 35(b) only means that the court cannot change a custody sentence to probation later than 120 days after the defendant has begun to serve sentence. That is patently inconsistent with history and logic. A defendant's commencement of service of sentence may be delayed for a number of reasons. In this case, it was because of confusion and inattention to the fact that his petition for certiorari had long ago been denied by the Supreme Court. If the Rule is to be read as allowing reduction where court or prosecution personnel care-

lessly allow years to pass without acting on a judgment which has been affirmed, it would entirely eviscerate Rule 35(b)'s purpose to put time limits on the exercise of that power, and thus would render the Rule meaningless. It would also render meaningless Rule 45(b). If that indeed is the correct interpretation, a defendant could, as this defendant did, sit around for years while the sentence was ignored, and then urge the court to accomplish a sentence reduction in the guise of probation. Under such an interpretation Rule 35(b) is a nullity.

In contrast, it is worth noting that when Congress wants to enlarge the time for reducing sentence it knows how to do so. *See* New Rule 35(b), Correction of Sentence on Remand, Public Law 98–473, Title II, §§ 215(b), 235, Oct. 12, 1984, 98 Stat. 2015, 3031, amending Rule 35, to become effective November 1, 1986, West Federal Criminal Code and Rules, 1985 edition, West Publishing Company, 1985, page 109. (Where sentence has been found on appeal under 18 U.S.C. § 3742 to have been imposed by an improper application of sentencing guidelines or found to have been unreasonable, or where the court may wish to allow a reduction in the sentence of a defendant who has given "substantial assistance" to the Government in an investigation or prosecution, it "may within one year after the imposition of a sentence lower" the sentence.)

Read as written, Rule 35(b) now classifies a grant of probation (after an original sentence of confinement) as a "permissible reduction." Rule 35 is concerned with time limits. The clear meaning and juxtaposition of words in the Rule are sensible and compelling: A grant of probation is a reduction of sentence under 35(b) and must be made within 120 days. There is no other reason for enacting that language as it is stated, and for placing it where it is placed.

I would give ordinary words their ordinary meaning and would hold that the district court in this case cannot grant proba-

tion because the limit of 120 days is long past.