UNITED STATES of America, Appellee,

v.

Roy Dan JACKSON, Appellant.

No. 86–7001.

United States Court of Appeals,
Fourth Circuit.

Argued March 4, 1986.

Decided Oct. 1, 1986.

Rehearing and Rehearing En Banc
Denied Nov. 25, 1986.

John M. Farmer (Joseph E. Wolfe, Wolfe & Farmer, Norton, Va., Birg E. Sergeant, Pennington Gap, Va., on brief), for appellant.

E. Montgomery Tucker, Asst. U.S. Atty. (John P. Alderman, U.S. Atty., Roanoke, Va., on brief), for appellee.

Before WIDENER, SPROUSE and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

The question presented is whether the 120–day limitation of Federal Rule of Criminal Procedure 35(b) prevents a district judge from acting upon an unincarcerated defendant's motion for probation under 18 U.S.C. § 3651 (1962), when the district judge has already denied the defendant's timely motion for reduction of sentence [or for probation] under Rule 35(b) and when 120 days has passed since the imposition of the defendant's sentence. We conclude that the time constraints of Rule 35(b) prevent the district judge from considering the motion, and we affirm.

I

On July 26, 1984, the defendant pleaded guilty to a one-count information charging him with willfully and knowingly filing a United States Individual Income Tax Return Form 1040 which he did not believe to be true and correct in violation of 26 U.S.C. § 7206(1) (1982). After the district judge considered a sentencing memorandum submitted by the United States Attorney as well as substantial evidence presented by the defendant on the issue of a proper sentence, the court imposed a sentence of thirty months. The defendant was ordered to report for confinement on October 29, 1984.

On October 19, 1984, the defendant filed a motion for reduction of sentence under Rule 35(b) and supported this motion with a report from the National Center on Institutions and Alternatives. The district judge took the motion under advisement, but delayed the defendant's date of reporting to December 28, 1984. On December 22, 1984, the district court advised that the motion for reduction of sentence was still under advisement and delayed the defendant's reporting date to March 22, 1985. On February 20, 1985, the court denied the motion for reduction of sentence and directed the defendant to report to the institution designated by the Bureau of Prisons by 3:00 p.m. on Friday, March 22, 1985, to begin the sentence imposed on July 26, 1984. On March 4, 1985, defendant filed a motion for reconsideration of the February 20, 1985 order denying the reduction of sentence, and on March 8, 1985, the motion for reconsideration was denied. On March 22, 1985, the court learned that the defendant had been seriously injured in a mining accident, and the court issued an order extending indefinitely the date for the defendant to report to the federal institution under his sentence.

In October 1985, the government filed a motion to require defendant to immediately surrender and begin serving his sentence. Following a hearing, the court entered an order on October 18, 1985, directing the defendant to report to the institution designated by the Bureau of Prisons by 3:00 p.m. on Monday, January 6, 1986. On the morning of January 6, 1986, defendant filed another motion asking the court:

> to reduce the sentence and place him on probation, or otherwise reduce the term of the sentence pursuant to Rule 35(b) of the F.R.C.P. and/or pursuant to 18 U.S.C. § 3651 *et seq.* and under the authority of *Mann v. United States,* 218 F.2d 936 (4th Cir.1955) and *United States v. Karp,* 764 F.2d 613 (9th Cir. 1985). This Court also has authority to alter or amend the sentence pursuant to the inherent powers of the Court.

The district court filed an order on January 6 finding that it did not have jurisdiction to grant the defendant's motions, but that if it had jurisdiction, it would consider suspending all but six months of the thirty-month sentence and placing the defendant on supervised probation for the balance of the thirty-month term.

Defendant's attorneys immediately applied to a single judge of this court for a motion to stay the date of defendant's reporting to the federal institution and seeking an expedited appeal. The single judge granted the stay, and the matter was briefed and then argued before this panel at the March 1986 term.

## II

The language of Rules 35(b)[1] and 45(b)[2] seems so clear that it should not be necessary to look past them. Under 35(b) a motion for a reduction of sentence must be made within 120 days of the happening of certain events, and the only one applicable to the present case is "120 days after the sentence is imposed." The final sentence of Rule 35(b) clearly directs that the changing of a sentence from one of incarceration to a grant of probation is a permissible reduction under the rule; this is the type relief that the appellant sought from the district court on January 6, 1986. It is clear from the language of the rule that such a motion for probation in place of incarceration must be made within 120 days after the sentence is imposed and that, because of the clear language of Rule 45(b) the 120-day period may not be extended by the court. The change of a prison sentence to a shorter prison sentence and a period of probation is a reduc-

tion of the original sentence and subject to Rule 35(b) time limitations.

Appellant made his first motion for reduction of sentence in October 1984, and this was well within the 120-day period following the imposition of his sentence. This motion was denied in February 1985. Appellant immediately moved for reconsideration of the motion, and this was also denied. There was no appeal noticed from either of these denials, and the appellant's next motion for reduction of sentence did not occur until January 6, 1986, the very day that he had been ordered to report to the federal correctional institution. This was more than one year after the 120-day period had expired. The January 1986 motion asked the court "to reduce the sentence and place him on probation or otherwise reduce the term of the sentence pursuant to Rule 35(b) of F.R.C.P. and/or pursuant to 18 U.S.C. § 3651 *et seq.*"

We can find nothing in 18 U.S.C. § 3651 *et seq.*[3] that would permit its use at so late a date in the proceedings. The Federal

---

**1.** Federal Rules of Criminal Procedure 35.

(b) Reduction of sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

**2.** Federal Rules of Criminal Procedure 45.

(b) Enlargement. When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35,

except to the extend and under the conditions stated in them.

**3.** Title 18 U.S.C. Section 3651 provides in part. Suspension of Sentence and Probation.

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or the execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

Upon entering a judgement of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

Probation Act was passed in 1925 and at that time Rule 35(b) did not exist. In *United States v. Murray*, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928), the Supreme Court decided that once a person had entered upon the service of a criminal sentence, the district court had no power under the Probation Act to grant him probation even though the term of court at which the sentence was imposed had not expired. At that time, motions had to be made during the term of court. This requirement of making motions during the same term of court was one of the reasons for the adoption of Rules 35 and 45. In referring to Rule 35(b), the Advisory Committee on Rules stated:

> The first sentence of the rule continues existing law. The second sentence introduces a flexible time limitation on the power of the court to reduce a sentence, in lieu of the present limitation of the term of court. Rule 45(c) abolishes the expiration of a term of court as a time limitation, thereby necessitating the introduction of a specific time limitation as to all proceedings now governed by the term of court as a limitation. The Federal Rules of Civil Procedure (Rule 6(c)), 28 U.S.C. Appendix, abolishes the term of court as a time limitation in respect to civil actions. The two rules together thus do away with the significance of the expiration of a term of court which has largely become an anachronism.

In 1966 Rule 35 was amended: the first sentence dealing with illegal sentences became 35(a), and the time limit was changed from 60 days to 120 days and became a part of 35(b). Rule 35 was amended again in 1979, and the reason is explained by the notes of the Advisory Committee on Rules:

> Rule 35 is amended in order to make it clear that a judge may, in his discretion, reduce a sentence of incarceration to probation. To the extent that this permits the judge to grant probation to a defendant who has already commenced service of a term of imprisonment, it represents a change in the law. *See United States v. Murray*, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928) (Probation Act construed not to give power to district court to grant probation to convict after beginning of service of sentence, even in the same term of court); *Affronti v. United States*, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955) (Probation Act construed to mean that after a sentence of consecutive terms on multiple counts of an indictment has been imposed and service of sentence for the first such term has commenced, the district court may not suspend sentence and grant probation as to the remaining term or terms). In construing the statute in *Murray* and *Affronti*, the Court concluded Congress could not have intended to make the probation provisions applicable during the *entire* period of incarceration (the only other conceivable interpretation of the statute), for this would result in undue duplication of the three methods of mitigating a sentence—probation, pardon and parole—and would impose upon district judges the added burden of responding to probation applications from prisoners throughout the service of their terms of imprisonment. Those concerns do not apply to the instant provisions, for the reduction may occur only within the time specified in subdivision (b). This change gives "meaningful effect" to the motion-to-reduce remedy by allowing the court "to consider all alternatives that were available at the time of imposition of the original sentence." *United States v. Golphin*, 362 F.Supp. 698 (W.D.Pa.1973).

The logical meaning of the Committee's comment, "the reduction may occur only within the time specified in subdivision (b)," is that sentences including probation are covered by Rule 35(b) time constraints; otherwise, trial judges would still have to consider probation petitions during the entire period of incarceration.

While one purpose of the time limitation is to relieve the district judge of successive petitions from criminal defendants, another important purpose is to put the issue of sentence to rest. Once the defendant realizes that this avenue of changing on his sentence is closed, he may direct his atten-

tions to rehabilitating himself or attacking his conviction in some other way, i.e., 28 U.S.C. § 2255.

Rule 35 also allows the judge to entertain a motion to reduce a sentence even after a defendant has started serving a period of incarceration because the rule sets a definite time frame for such motions without reference to whether a defendant is or is not incarcerated.

Appellant relies upon *United States v. Karp*, 764 F.2d 613 (9th Cir.1985), but we find *Karp* unpersuasive. The *Karp* majority found that the time limitation on the reduction of a sentence under Rule 35(b) did not restrict a sentencing court's authority to order probation for a convicted defendant "at any time before the execution of the pronounced but unexecuted sentence begins." 764 F.2d at 615. The *Karp* majority concluded: "As noted earlier, this is not a Rule 35 case. The case challenges the trial judge's authority to order probation and nothing more." *Id.* at 615. We find this is not in keeping with the clear language of the rule or intent of the rule as set forth in the Advisory Committee comments. The dissent of Judge Poole in *Karp* is more compelling and persuasive. He sums up his position as follows:

> Read as written, Rule 35(b) now classifies a grant of probation (after an original sentence of confinement) as a "permissible reduction." Rule 35 is concerned with time limits. The clear meaning and juxtaposition of words in the rule are sensible and compelling: A grant of probation is a reduction of sentence under 35(b) and must be made within 120 days. There is no other reason for enacting that language as it is stated, and for placing it where it is placed.
>
> I would give ordinary words their ordinary meaning and would hold that the district court in this case cannot grant probation because the limit of 120 days is long past.

764 F.2d at 618–19.

The appellant also seeks support from our decision in *Mann v. United States*, 218 F.2d 936 (4th Cir.1955), but we find *Mann*

to be distinguishable. Mann was given consecutive sentences of 15 and 20 years. He did not appeal his conviction and did not make a motion for a reduction of the sentences under Rule 35. After he had served approximately four and one half years on the 15 year sentence, he brought an action to vacate both sentences. The district judge had a question as to his power to act and stated:

> I have very serious doubt whether after the imposition of the sentence in this case and prior to the beginning of the consecutive term, the court has power under the Probation Act to grant a modification of the sentence by suspending the consecutive term.

*Id.* at 938.

Our court assumed that the district judge possessed the power and decided that he had not abused his discretion in refusing to grant the motion to vacate the sentences. The court went on to address the question of the district court's power and found, pursuant to *United States v. Murray, supra,* that once the defendant had entered upon a sentence on one count of the indictment the court could not suspend the sentence under another count of the same indictment. Mann did not make a motion under Rule 35. Jackson made a timely motion for a reduction of sentence under Rule 35(b) and when this motion was denied, he moved for a reconsideration of the motion, and this was also denied.

In *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) the court stated:

> And once a sentence has been imposed, the trial judge's authority to modify it is also circumscribed. Federal Rule Crim. Proc. 35 now authorizes district courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal.[16] The time period, however, is jurisdictional and may not be extended.[17]

[16] Prior to the adoption of Rule 35, the trial courts had no such authority. "The beginning of the service of the sentence in a criminal case ends the power of the court even in the same

term to change it." *United States v. Murray,* 275 U.S. 347, 358 [48 S.Ct. 146, 149, 72 L.Ed. 309]. This rule was applied even though the change related only to the second of a pair of consecutive sentences which itself was not being served at the time. *Affronti v. United States,* 350 U.S. 79 [76 S.Ct. 171, 100 L.Ed. 62].

[17] See Fed.Rule Crim.Proc. 45(b); *United States v. Robinson,* 361 U.S. 220 [80 S.Ct. 282, 4 L.Ed.2d 259].

Finding that the district judge was correct in concluding that he did not have jurisdiction to consider Jackson's petition for probation under 18 U.S.C. § 3651, when he had already denied his timely motion under Rule 35(b) and more than 120 days had passed since the imposition of defendant's sentence, we affirm.

AFFIRMED.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

Our decision in *Mann v. United States,* 218 F.2d 936 (4th Cir.1955), on indistinguishable facts, comes to the opposite conclusion to that reached by the majority today.

In *Mann,* this court stated that Rule 35 of the Federal Rules of Criminal Procedure did not limit the power of the federal district courts to modify a defendant's sentence from incarceration to probation at any time prior to the defendant's entry into service on his sentence. *Id.* at 939. Accord *United States v. Ellenbogen,* 390 F.2d 537 (2d Cir.1968), "The running of the 120 day period provided in Rule 35 has no effect whatsoever upon the power to suspend sentence and to grant probation." See also *Phillips v. United States,* 212 F.2d 327 (8th Cir.1954); cf. *United States v. Karp,* 764 F.2d 613 (9th Cir.1985). In an attempt to distinguish *Mann,* the majority emphasizes the fact that the defendant in *Mann* did not make a motion for reduction in sentence under Rule 35, but rather sought probation under the Probation Act, 18 U.S.C. §§ 3651, et seq. The majority then distinguishes this case from *Mann* because it says Jackson made his initial motion for reduction in sentence pursuant to Rule 35 and not under the Probation Act. That motion is found at JA43. What the majority over-looks, however, although the motion is quoted in the majority opinion, is that Jackson made a subsequent motion for probation under the Probation Act. The denial of that motion is the order appealed from and is found at JA89. Thus, I conclude that this case is virtually indistinguishable from our previous decision in *Mann* and believe the majority's attempted distinction of this binding precedent to be unpersuasive.

In its opinion, the majority today also emphasizes the 1979 amendment to Rule 35(b) which added to the Rule 35(b) which existed in 1954 only that "[c]hanging a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction in sentence under this subdivision." FED.R.CRIM.PRO. 35(b). The majority concludes that as a result of this amendment, an order modifying a sentence of incarceration to one of probation is a reduction in sentence that is subject to the time limitation set forth in Rule 35(b). Thus, in essence, the majority concludes that the 1979 amendment to Rule 35(b) limited a district court's jurisdiction under the Probation Act to modify a sentence of incarceration to one of probation.

If this were a civil case, it is clear that the majority could not decide that a rule of procedure limits the statutory jurisdiction of a federal district court because Rule 82 of the Federal Rules of Civil Procedure explicitly states that those rules can neither extend nor limit the district courts' jurisdiction or the venue of actions therein. FED.R.CIV.PRO. 82; *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 370, 98 S.Ct. 2396, 2400, 57 L.Ed.2d 274 (1978): "... it is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." Although there is no comparable rule in the criminal context, I find the civil rule (among other things) persuasive, and I cannot conclude, as does the majority, that by the mere addition of one sentence to Rule 35(b) the Court intended to limit (even if it could) the federal district courts' jurisdiction under the Probation Act.

In the Advisory Committee Notes to the 1979 amendment to Rule 35(b), the Committee explicitly noted the extent to which its amendment modified existing law, that is to say the law as set forth in *Mann*. Thus, the Committee stated:

> Rule 35 is amended to make it clear that a judge may, in his discretion, reduce a sentence of incarceration to probation. *To the extent that this permits the judge to grant probation to a defendant who has already commenced service of a term of imprisonment, it represents a change in the law.*

Advisory Committee Notes on 1979 Amendment to Rule 35, FEDERAL CRIMINAL CODE & RULES 112 (West 1986) (emphasis added).

Significantly, the Advisory Committee Notes on Rule 35, quoted above, explicitly note, as set forth, that the amendment represents a change in the Rule to permit a judge to change a sentence of incarceration to one of probation *for a defendant who has already commenced service of his term. The committee notes do not note any change in existing law for a defendant who has not commenced the service of his sentence.* The existing law in this circuit is that set out by *Mann*, and I think that *Mann* must be followed absent its overruling by an en banc court.

Also of significance, the Advisory Committee did not state that it considered the 1979 amendment to Rule 35(b) to limit in any way the jurisdiction of a federal district court under the Probation Act. Indeed, although the majority correctly points out that a statement in *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979), indicates that Rule 35(b)'s 120-day limitation is jurisdictional, in its notes accompanying the 1985 amendment to Rule 35(b), the Committee expressly rejected what it correctly calls the "*Addonizio* dictum"[1] relied upon and quoted by the majority, thereby further reinforcing my conclusion that Rule 35 does not affect federal district courts' substantive jurisdiction under the Probation Act. See Advisory Committee Note to 1985 Amendment to Rule 35, FEDERAL CRIMINAL CODE & RULES, supra, at 113.

Because I believe that the majority's conclusion unjustifiably limits the federal district courts' jurisdiction as established by Congress to consider motions under the Probation Act at any time prior to the movant's incarceration, a rule previously recognized by this court in *Mann*, I respectfully dissent.

---

**1.** "The time period, however, is jurisdictional and may not be extended." *Addonizio*, at p. 189,

99 S.Ct. at p. 2242.