944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Velton Lamont BOONE, a/k/a Lionel Baker, a/k/a "Domino",
Petitioner-Appellant,
v.
UNITED STATES of America, Richard H. Rison, Warden, et al.,
Respondents-Appellees.
 No. 90-55682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Velton Boone, a federal prisoner, appeals pro se the district court's denial of his habeas corpus petition without an evidentiary hearing.[1] Boone pleaded guilty to armed postal robbery, in violation of 18 U.S.C. § 2114. The district court sentenced him to the mandatory minimum term of 25 years imprisonment, to be served concurrently with a state sentence, and ordered that he would become eligible for parole after serving one-third of the term, pursuant to 18 U.S.C. § 4205(a) (repealed effective November 1, 1987). He contends that he was denied effective assistance of counsel during plea bargaining and that his guilty plea was involuntary because he understood that the government was bound by his agreement with the United States Postal Service to recommend that he would become eligible for parole after serving less than one-third of 25 years, pursuant to 18 U.S.C. § 4205(b)(1). We affirm.
 
 
 3
 We review de novo the denial of a section 2255 motion. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). We review for an abuse of discretion the district court's decision whether to hold an evidentiary hearing. Id. at 168. The district court may deny a section 2255 motion without an evidentiary hearing if "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam). Statements made in open court at the time of a plea are entitled to great weight. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988). Nonetheless, an evidentiary hearing usually is required if the motion states a claim based on matters outside the record, unless the movant's allegations, viewed against the record, are patently frivolous. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). It is possible for an issue of credibility to be decided conclusively on the basis of documentary testimony and evidence. Watts, 841 F.2d at 277.
 
 
 4
 To establish ineffective assistance of counsel, a movant must establish that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). He must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Donagiere, 914 F.2d at 168. While the district court is not required to provide a defendant with information about parole eligibility in order for the defendant's plea to be voluntary, erroneous advice of counsel as to parole eligibility may amount to ineffective assistance. Hill, 474 U.S. at 56-57; United States v. Sanclemente-Bejarano, 861 F.2d 206, 211 (9th Cir.1988).
 
 
 5
 Here, the district court was required to resolve the issue of Boone's credibility. Boone stated in an affidavit that his attorney Marcia Brewer did not discuss the plea agreement with him and must have known about his separate agreement with two postal inspectors, who promised to recommend a sentence under 18 U.S.C. § 4205(b)(1). He alleged that he pleaded guilty based on Brewer's promise that he would receive this sentence. Brewer, however, stated in a declaration that she informed Boone of the sentencing possibilities and the terms of the plea agreement and did not tell him that the government had agreed to recommend early parole eligibility in exchange for his plea.
 
 
 6
 At the plea hearing, Boone testified that he had not been offered a lenient sentence in exchange for his plea. In addition, two postal inspectors stated in a memorandum that during an interview, Boone described several robberies and told them that he would plead guilty to one count of armed postal robbery if the United States Attorney would agree to recommend a sentence under section 4205(b)(1). According to the memorandum, the postal inspectors told Boone that he would need to make any plea agreement with the United States Attorney but promised to recommend the agreement that he had proposed.
 
 
 7
 This testimony and documentary evidence showed that the United States Attorney was not bound by any separate plea agreement with the Postal Service. Accordingly, the district court did not err by determining that Boone's plea was not based on any promise of early parole eligibility. See Hill, 474 U.S. at 58; Watts, 841 F.2d at 277.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Boone's filing as a section 2255 motion, rather than a habeas corpus petition under 28 U.S.C. § 2241, because he challenges the legality of his sentence, rather than the manner of execution of his sentence. See 28 U.S.C. § 2255; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991) (section 2255 governs collateral attacks on sentence); Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990) (this court may affirm on any basis supported by the record); United States v. Karp, 764 F.2d 613, 614 n. 1 (9th Cir.1985) (this court may treat a Rule 35(a) motion as a section 2255 motion even where the district court has not done so)