995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John R. PITTMAN, Defendant-Appellant.
 No. 92-50555.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John R. Pittman pleaded guilty to one count of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1). Pittman was sentenced to twenty-two months in custody. On June 8, 1992, Pittman filed, pursuant to Fed.R.Civ.P. 60(b)(4), a pro se motion for relief from void judgment. District Judge Turrentine addressed the merits of Pittman's claims and denied the motion, without a hearing, in a written order filed July 31, 1992. Pittman timely appeals.
 
 
 3
 * As an initial matter, the district court had no jurisdiction to entertain a civil motion in a criminal case. Pittman has asked us to treat his motion as a habeas corpus petition. We liberally construe the pro se motion as a motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255. United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991). See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (district court properly construed defendant's Fed.R.Crim.P. 35 motion as a motion under 28 U.S.C. § 2255). "We may do this even though [defendant] failed to invoke § 2255 in the district court." United States v. Karp, 764 F.2d 613, 614 (9th Cir.1985).
 
 II
 
 4
 Pittman makes four basic claims in his brief, although each claim wanders in several directions. (1) Congress has not really passed a criminal code; the whole criminal code is really civil in nature. Convictions can only result from a knowing violation of a contempt order. (2) The district court had no jurisdiction over him because the term "person" in 21 U.S.C. § 841(a)(1) applies only to legal entities, like corporations. Pittman also argues that § 841 only applies to crimes committed in Puerto Rico and other territories. (3) Judge Turrentine is not an Article III judge because, by paying income taxes, his pay is diminished while in office in violation of the Constitution. (4) The Attorney General has only administrative and civil authority to enforce Title 21.
 
 
 5
 As Pittman's claims are purely legal questions, we review them de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc ), cert. denied, 469 U.S. 824 (1984). The district court may deny a post-conviction attack on conviction and sentence without a hearing if the motion upon its face shows no grounds for relief. Abatino v. United States, 750 F.2d 1442, 1446 (9th Cir.1985).
 
 
 6
 21 U.S.C. § 841(a)(1) is part of the Comprehensive Drug Abuse Prevention and Control Act of 1970. The Act was designed to provide federal criminal penalties for drug offenses. United States v. Rosenberg, 515 F.2d 190, 193-94 (9th Cir.), cert. denied, 423 U.S. 1031 (1975). The Act has consistently been upheld against constitutional attack. See United States v. Visman, 919 F.2d 1390, 1393 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991). Pittman's arguments about the invalidity of the federal criminal system have no merit.
 
 
 7
 Section 841(a)(1) makes it unlawful for "any person" to possess a controlled substance with intent to distribute. It is clear that the word "person" applies to any individual human being. Pittman is a person. See Church of Scientology v. United States Dep't of Justice, 612 F.2d 417, 425 (9th Cir.1979).
 
 
 8
 The district court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Pittman's argument restricting § 841 to crimes committed in Puerto Rico and other territories is misguided. Pittman committed the offense in the Southern District of California; venue was also proper. Fed.R.Crim.P. 18.
 
 
 9
 Pittman claims that Judge Turrentine is not a "real" Article III judge because federal income taxes diminish his salary every year. However, a non-discriminatory tax on the net income of a federal judge is not a violation of Article III. O'Malley v. Woodrough, 307 U.S. 277, 282 (1939).
 
 
 10
 Finally, 28 U.S.C. §§ 510, 515, 519, & 547 vest the Attorney General with authority to prosecute criminal violations of federal drug laws. Pittman misunderstands 21 U.S.C. §§ 876-83--sections which give the Attorney General subpoena power and means to enforce certain administrative orders. These sections do not limit the Attorney General's ability to prosecute crimes.
 
 III
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3