959 F.2d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John F. DESIMONE, Defendant-Appellant.
 No. 90-1312.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 31, 1992.*
Decided April 3, 1992.
 
 Before POSNER and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On June 30, 1982, John DeSimone, a former Chicago police officer, was convicted after a jury trial of, among other things, aiding and abetting a continuing criminal enterprise in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848. On January 18, 1983, the district court sentenced DeSimone to ten years' imprisonment without parole on this count, pursuant to the mandatory minimum set forth in 21 U.S.C. § 848. On direct appeal, this court vacated the district court's sentence, holding that the district court erred in concluding that it was obligated by statute to impose the same mandatory minimum sentence on an aider and abetter of the continuing criminal enterprise as it would on a principal. United States v. Ambrose, 740 F.2d 505, 510 (7th Cir.1984), cert. denied, 472 U.S. 1017 (1985). On remand, the district court resentenced DeSimone to ten years' imprisonment for aiding and abetting, but this time with the possibility of parole.
 
 
 2
 DeSimone now challenges his sentence[1] in light of this court's subsequent decision in United States v. Pino-Perez, 870 F.2d 1230 (7th Cir.) (en banc), cert. denied, 493 U.S. 901 (1989). Partially overruling Ambrose, Pino-Perez held that an aider and abetter is subject to the same statutory minimum sentence as the principal in a continuing criminal enterprise. DeSimone argues that his sentence is invalid under Pino-Perez as too lenient, since aiders and abetters of a continuing criminal enterprise are not eligible for parole. He demands that his case be remanded to the district court for resentencing. However, he claims, as this would mark the third time he will have been sentenced for the same crime, any resentencing would constitute a violation of the Double Jeopardy Clause. To avoid a constitutional violation, he asserts, the district court's only option is to order him released from custody.[2]
 
 
 3
 DeSimone's "triple jeopardy" argument is absurd. The correction of an erroneous sentence does not implicate the Double Jeopardy Clause.[3] To purport to appeal simply because the sentence is too lenient is equally lacking in merit. Accordingly, the appeal is
 
 
 4
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement pursuant to the rule having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although it is not entirely clear from the record, it appears that the district court treated DeSimone's "Petition for Order Returning Defendant/Petitioner for Resentencing" as a motion under Rule 35(b) of the Federal Rules of Criminal Procedure. Under the version of Rule 35(b) in effect at the time of DeSimone's offense, a motion to correct sentence must have been made within 120 days after he was sentenced. The 120-day time limit is jurisdictional. United States v. Spilotro, 884 F.2d 1003 (7th Cir.1989). Because DeSimone filed his motion over four years after sentence was imposed, the district court did not have jurisdiction to entertain a Rule 35(b) motion. The district court did have jurisdiction to entertain a petition for habeas corpus under 28 U.S.C. § 2255. We will construe DeSimone's motion as a habeas petition and address his claim on the merits
 
 
 [2]
 In his brief, DeSimone makes various other arguments attacking his trial, sentence, and conviction. However, because the Pino-Perez retroactivity argument was the only claim presented to the district court, it is the only argument we will address. See Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991) (arguments raised for the first time on appeal deemed waived)
 
 
 [3]
 See Black's Law Dictionary 440 (5th ed. 1979) "Double jeopardy. Common-law and constitutional (Fifth Amendment) prohibition against a second prosecution after a first trial for the same offense."