884 F.2d 1003
 UNITED STATES of America, Plaintiff-Appellant,
v.
Victor P. SPILOTRO, Defendant-Appellee.
UNITED STATES of America, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF
ILLINOIS, and Honorable James B. Moran, United
States District Judge, Respondents.
 Nos. 89-1344, 89-1685.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 16, 1989.
Decided Sept. 8, 1989.
 
 J. Kenneth Lowrie, Dept. of Justice, Chicago, Ill., for U.S.
 Allan A. Ackerman, Chicago, Ill., for defendant-appellee.
 Anton R. Valukas, U.S. Atty., Office of the U.S. Atty., Chicago, Ill., for respondents.
 Before POSNER, RIPPLE, and MANION, Circuit Judges.
 RIPPLE, Circuit Judge.
 
 
 1
 The government seeks review of the district court's vacation of the defendant's six-month custodial sentence. We dismiss the government's appeal for want of jurisdiction. However, we grant the government's alternate request for a writ of mandamus and direct that the district court restore the defendant's original sentence.
 
 I.
 Background
 
 2
 On May 26, 1987, Victor Spilotro pleaded guilty to extortion and filing a false income tax return. On July 17, 1987, he was sentenced to six months in the custody of the Attorney General, to be served in a work-release program. Following that six-month term, Mr. Spilotro was to serve a period of five years' probation. Execution of the sentence was stayed until September 1, 1987.
 
 
 3
 On August 22, 1987, Mr. Spilotro suffered a heart attack. In the months that followed, Mr. Spilotro was plagued by a number of other serious medical problems, and the district court intermittently stayed execution of his sentence. On April 26, 1988, 284 days after he had been sentenced, Mr. Spilotro filed a motion to modify the terms of his probation in which he requested that the custodial portion of his sentence be vacated. The district court denied the motion on May 25, 1988, noting that the custodial work-release portion of the sentence was exclusive of the probationary term. Due to Mr. Spilotro's continuing severe illness, however, the court continued the stay of execution of the sentence. Notwithstanding its May decision, on December 22, 1988, the district court vacated the six-month custodial sentence because Mr. Spilotro's health prevented him from performing the employment underlying the work-release sentence. The government's motion for reconsideration was denied on January 23, 1989.
 
 
 4
 The government filed a notice of appeal from the district court's order on February 21, 1989. At the time that the government filed its appellate brief, March 31, 1989, it also filed in this court a petition for a writ of mandamus directing the district court to vacate its order eliminating or suspending the custodial portion of Mr. Spilotro's sentence. Consideration of the government's petition for mandamus has been consolidated with this appeal.
 
 II.
 Appellate Jurisdiction
 
 5
 The government has appealed the district court's order reducing Mr. Spilotro's sentence under 18 U.S.C. Sec. 3731 and 28 U.S.C. Sec. 1291. We shall address separately each asserted basis for jurisdiction.
 
 A. 18 U.S.C. Sec. 3731
 
 6
 Mr. Spilotro's offense was committed before November 1, 1987. Therefore, 18 U.S.C. Sec. 3742(b), which authorizes government appeals of specific sentencing decisions, does not apply in this case. The government instead relies on 18 U.S.C. Sec. 3731, which authorizes government appeals in federal criminal cases under certain specific circumstances.[1] Appeal of a district court order reducing a sentence is not explicitly mentioned as an instance in which appeal is authorized by the statute. While the government recognizes that its right to appeal in criminal cases is limited to those instances in which appeal is authorized by legislative action, see Government Br. at 14, it notes that section 3731 commands that its provisions are to be construed liberally to effectuate its purpose. Id. at 15. Relying on United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), and United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), the government submits that the statute's purpose is to extend the right of government appeal to those instances in which such an appeal is not barred by the Constitution. Thus, since no double jeopardy problem is present in this case, the government concludes that appeal should be authorized here.
 
 
 7
 We believe that this argument is precluded by our decision in United States v. Horak, 833 F.2d 1235 (7th Cir.1987). In that case, we rejected arguments very similar to those made by the government in this case and adopted a "more restrictive view of the appealability of sentencing orders under section 3731." 833 F.2d at 1247. We noted that the government has no authority to take an appeal in a criminal case without an express grant of power by Congress. Id. at 1244. Moreover, we rejected the government's reliance on the Supreme Court's broad language in cases like Wilson because the "extremely broad reading of the statute urged by the government was unnecessary to the Wilson decision," which involved appeal of a district court order dismissing an indictment--an appeal clearly authorized by the statute in the absence of double jeopardy concerns. See id. at 1246; see also United States v. Hundley, 858 F.2d 58, 63 (2d Cir.1988) ("[T]he Court's statement in [Wilson ] ... does not cover appeals from sentencing orders.... Wilson does not purport to say that the Government may appeal from orders such as sentencing orders that do not involve dismissal of a prosecution and that are not included in other section 3731 categories."). In Horak, we also noted that the particular language of section 3731 provided the most compelling reason for taking a restrictive view of government appeals under that statute. 833 F.2d at 1248. The statute describes in careful detail the circumstances under which the government can appeal in a criminal case. In addition, Congress enacted another specific statute, 18 U.S.C. Sec. 3576, granting the government the right to appeal sentences imposed under the dangerous special offenders provision. The court in Horak concluded that, if Congress had intended section 3731 to authorize appeals from sentencing decisions, the enactment of a second statute would have been unnecessary.
 
 
 8
 For the purposes of analyzing appealability under section 3731, the district court sentencing order denying forfeiture in Horak is indistinguishable from the sentence reduction at issue in this case. Therefore, we conclude that section 3731 does not authorize the government's appeal of the district court's reduction of Mr. Spilotro's sentence. See also Hundley, 858 F.2d at 62 ("We agree with those courts that have held that sentencing orders are not appealable by the Government under section 3731. The statute plainly limits appeals by the United States to specified categories of district court orders.... Sentencing orders are not included in the statute, nor are they even similar to any of the types of orders that are included.").
 
 B. 28 U.S.C. Sec. 1291
 
 9
 The government also cannot rely on 28 U.S.C. Sec. 1291 alone as a source of statutory authorization for appeal of the sentencing order in this case.[2] Here, again, we believe that the government's submission is precluded by our holding in Horak. There, we explicitly declined to accept the rationale of United States v. DeMier, 671 F.2d 1200, 1204 (8th Cir.1982), that section 1291 provides jurisdiction for government appeals of sentencing orders. "Nothing in section 1291 grants the executive the power to appeal all (or for that matter any) final orders in criminal cases." Horak, 833 F.2d at 1247 n. 10. As we explained in Horak, "[s]ection 1291 establishes statutory authority in courts ... to hear appeals; the statute does not purport to grant to the government the power to bring all appeals without limitation." Id. (emphasis in original); see also Di Bella v. United States, 369 U.S. 121, 130, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962) ("[H]istoric policy ... denies the Government the right of appeal in criminal cases save as expressly authorized by statute. No such expression appears in 28 U.S.C. Sec. 1291, and the Government's only right of appeal, given by [section 3731], is confined to narrowly defined situations....") (citations omitted).
 
 
 10
 Because the government has not been authorized to bring an appeal of the sentencing order at issue in this case, its appeal must be dismissed for want of jurisdiction. However, "the Government need not fear that district judges will be able to flout the clear requirements of sentencing statutes with impunity, ... since the mandamus remedy is available in appropriate cases." Hundley, 858 F.2d at 66.
 
 III.
 Mandamus
 
 11
 The government filed a petition with this court asking it to exercise its power under the All Writs Act, 28 U.S.C. Sec. 1651,[3] to issue a writ of mandamus ordering the district court to vacate its December 1988 order reducing Mr. Spilotro's sentence. As this court has emphasized repeatedly, mandamus is an extraordinary remedy, and "the writ traditionally is available only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " Horak, 833 F.2d at 1248 (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 942, 87 L.Ed. 1185 (1943)); see also Mallard v. United States District Court for the Southern District of Iowa, --- U.S. ----, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989) (in order to be entitled to issuance of writ, petitioner must demonstrate a " 'clear abuse of discretion,' or conduct amounting to 'usurpation of [the judicial] power' ") (quoting Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953) and De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566 (1945)). As we explained in Horak, a "demanding standard" must be satisfied before this court will exercise its jurisdiction under section 1651 and issue a writ of mandamus:
 
 
 12
 [I]t is clear that only exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy.... And the party seeking mandamus has "the burden of showing that its right to issuance of the writ is 'clear and indisputable.' "
 
 
 13
 Horak, 833 F.2d at 1248-49 (quoting Will v. United States, 389 U.S. 90, 95-96, 88 S.Ct. 269, 273-74, 19 L.Ed.2d 305 (1967) (citations omitted)).
 
 
 14
 The government argues that the district court lacked jurisdiction to reduce or modify Mr. Spilotro's sentence because the 120-day period, authorized by Rule 35(b) of the Federal Rules of Criminal Procedure,[4] in which sentence modifications can be made had long since expired when the district court acted. We believe that the government has met its burden of demonstrating that the district court acted beyond the scope of its power when it modified Mr. Spilotro's sentence.
 
 
 15
 Rule 35(b) of the Federal Rules of Criminal Procedure allows a defendant to move for reduction of his sentence within 120 days of sentencing and also allows a district court to reduce a sentence without motion within 120 days of sentencing. These time limits "[are] jurisdictional and may not be extended." United States v. Addonizio, 442 U.S. 178, 189, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979); see also United States v. Melody, 863 F.2d 499, 507 (7th Cir.1988) (referring to "Rule 35(b)'s 120-day jurisdictional limitation"); United States v. Hill, 826 F.2d 507, 508 (7th Cir.1987) (Rule 35(b) filing deadline is jurisdictional; "missing a jurisdictional deadline deprives the court of power to act"). In this case, Mr. Spilotro's unsuccessful motion to reduce his sentence was made on April 26, 1988, 284 days after he had been sentenced. The district court's later sua sponte reduction of his sentence on December 22, 1988 was also well after expiration of the 120-day period. Therefore, Rule 35(b) did not authorize the district court to make the sentence reduction challenged in this case.
 
 A.
 
 16
 Mr. Spilotro maintains that the district court's action was not a usurpation of judicial power because the December 22 sentence reduction was actually a modification of a condition of probation. Mr. Spilotro asserts that such modifications can be made under the Probation Act, 18 U.S.C. Sec. 3651,[5] at any time during the probationary period and are reviewable only for abuse of discretion. See Appellee's Br. at 8. Mr. Spilotro submits that the government's challenge to the district court's December 22 order is based on the "faulty premise," id. at 12, that the court's "modification" of the terms of Mr. Spilotro's probation amounted to a "reduction in sentence" that could be made only pursuant to Rule 35(b). Mr. Spilotro asserts that it is clear, "beyond peradventure," that the district court placed Mr. Spilotro on probation and that the work-release program was merely a condition of probation subject to modification by the court. Id.
 
 
 17
 This argument is without merit. The district court made it clear when denying Mr. Spilotro's initial motion for reduction of sentence that the work-release component of his sentence was in fact a custodial sentence imposed on Mr. Spilotro exclusive of the term of probation that the court had also imposed. See R.57. Moreover, in its December 22 memorandum and order vacating the work-release portion of Mr. Spilotro's sentence, the district court acknowledged that, while the work-release sentence "could just as well have been a straight probationary sentence with a six-month work release period as a condition of probation," it did not make the work release a condition of probation in order to ensure that Mr. Spilotro could be disciplined by the revocation of the work release without the government's having to establish a probation violation:
 
 
 18
 The form was as a custody sentence with a recommendation that it be served as work release, followed by a period of probation. It could just as well have been a straight probationary sentence with a six-month work release period as a condition of probation. Since, however, it has been this court's understanding that the [Metropolitan Correctional Center] finds it easier to deal with work release persons when it can discipline for infractions by revoking work release rather than have to seek probation violation, the court followed the requested form.
 
 
 19
 United States v. Spilotro, No. 86 CR 331, memorandum and order at 1, 1988 WL 142240 (N.D.Ill. December 22, 1988); R.70 at 1 [hereinafter Mem. order]. The district court clearly imposed a custodial sentence rather than making the work release a condition of probation in order to accommodate the preference of prison officials. See id. Therefore, the district court's reduction of Mr. Spilotro's sentence cannot be justified as a modification of a condition of probation within the discretion of the district court.
 
 B.
 
 20
 The district court cited United States v. Karp, 764 F.2d 613 (9th Cir.1985), in support of its decision to vacate the work-release portion of Mr. Spilotro's sentence. In Karp, the Ninth Circuit held that, under the Probation Act, the sentencing court has the power to order probation for a convicted defendant at any time before the execution of the pronounced, but unexecuted sentence, begins. See 764 F.2d at 615. Mr. Spilotro had not yet begun to serve the custodial portion of his sentence at the time that the sentence was reduced by the district court. The court therefore accepted and applied the holding of Karp, "at least to the extent that it applies to a sentence which could have been structured either as a custodial sentence or a condition of probation, in view of the fact that there is no way that the defendant could serve the sentence that was imposed." Mem. order at 2.
 
 
 21
 The district court erred by adopting the holding of Karp. The rule applied in Karp had first been adopted in the Ninth Circuit long before Rule 35(b) was promulgated. See Karp, 764 F.2d at 614 (citing Nix v. James, 7 F.2d 590 (9th Cir.1925)). Rule 35, however, now classifies a grant of probation (after a custodial sentence had been imposed originally) as a permissible sentence reduction. See Fed.R.Crim.P. 35(b) ("Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."). Because a grant of probation is a reduction of sentence under Rule 35(b), it must be made within that rule's 120-day time limit. "There is no other reason for enacting that language as it is stated, and for placing it where it is placed." Karp, 764 F.2d at 618 (Poole, J., dissenting).[6]
 
 
 22
 The Fourth Circuit, in United States v. Jackson, 802 F.2d 712, 716 (4th Cir.1986), cert. denied, 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987), explicitly rejected the holding of Karp. It found Judge Poole's dissent "more compelling and persuasive." The court in Jackson explained that
 
 
 23
 [i]t is clear from the language of [Rule 35(b) ] that ... a motion for probation in place of incarceration must be made within 120 days after sentence is imposed and that, because of the clear language of Rule 45(b)[7] the 120-day period may not be extended by the court. The change of a prison sentence to a shorter prison sentence and a period of probation is a reduction of the original sentence and subject to Rule 35(b) time limitations.
 
 
 24
 Id. at 714 (emphasis supplied). Moreover, this court has suggested that Karp should be rejected in favor of Jackson. See United States v. Melody, 863 F.2d 499, 506-07 (7th Cir.1988). The court in Melody stated its belief that "Rule 35(b) does control the period in which all motions to reduce a sentence must be filed, including requests for probation." Id. at 507. We now hold that Rule 35(b) controls the time period in which sentence reductions, including the substitution of probation for incarceration, must be made and conclude that the district court erred in relying on Karp as authority for ignoring the time limit for the reduction of a sentence contained in Rule 35(b). Thus, the district court was without power to revoke the work-release portion of Mr. Spilotro's sentence after the expiration of the rule's 120-day time limit. Because the district court was without power to reduce Mr. Spilotro's sentence, we grant the government's petition for a writ of mandamus and direct the district court to restore Mr. Spilotro's original sentence.[8]
 
 Conclusion
 
 25
 The government's appeal is dismissed for want of jurisdiction. However, the government's petition for a writ of mandamus is granted and the district court is directed to restore Mr. Spilotro's original sentence.
 
 
 26
 IT IS SO ORDERED.
 
 
 
 [1]
 Appeal by United States
 In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.
 An appeal by the United States shall lie to a court of appeals from a decision or order of a district court[ ] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
 An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.
 The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.
 The provisions of this section shall be liberally construed to effectuate its purposes.
 18 U.S.C. Sec. 3731.
 
 
 [2]
 Section 1291 provides in part that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. Sec. 1291
 
 
 [3]
 Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."
 
 
 [4]
 The version of Rule 35(b) applicable to offenses committed before November 1, 1987 provides that:
 A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
 Fed.R.Crim.P. 35(b).
 
 
 [5]
 Section 3651 provides in part that "[t]he court may revoke or modify any condition of probation, or may change the period of probation." 18 U.S.C. Sec. 3651 was repealed by Pub.L. No. 98-473, Title II, Sec. 212(a)(2), 98 Stat. 1987 (Oct. 12, 1984), but remains applicable to offenses committed before November 1, 1987
 
 
 [6]
 Judge Poole concluded that the district court in Karp had no power to grant the defendant probation because the 120-day time limit had expired:
 Read as written, Rule 35(b) now classifies a grant of probation (after an original sentence of confinement) as a "permissible reduction." Rule 35 is concerned with time limits. The clear meaning and juxtaposition of words in the Rule are sensible and compelling: A grant of probation is a reduction of sentence under 35(b) and must be made within 120 days. There is no other reason for enacting that language as it is stated, and for placing it where it is placed.
 764 F.2d at 618 (Poole, J., dissenting); see generally id. at 615-19.
 
 
 [7]
 Rule 45(b) of the Federal Rules of Criminal Procedure states in part that "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them."
 
 
 [8]
 See also United States v. Dean, 752 F.2d 535, 545 (11th Cir.1985) (where " 'a district court exceeds the scope of its judicial authority' " by ignoring congressionally imposed limitations on its sentencing discretion, " 'the aggrieved party should be granted the writ almost as a matter of right' ") (quoting United States v. Denson, 603 F.2d 1143, 1147 (5th Cir.1979) (en banc)), cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); United States v. Ferri, 686 F.2d 147, 152 (3d Cir.1982) (district court's unauthorized reduction of defendant's sentence raises "an issue of judicial power [that] falls squarely within the narrow range of cases for which mandamus is appropriate"), cert. denied, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983)