Darrell I. LOWE, Petitioner–Appellee,

v.

UNITED STATES of America,
Respondent–Appellant.

No. 90–2206.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1990.

Decided Jan. 22, 1991.

Gerald Meehan, Coryn, Walker & Meehan, Rock Island, Ill., for petitioner-appellee.

J. William Roberts, U.S. Atty., Springfield, Ill., Bradley W. Murphy, Asst. U.S. Atty., Office of the U.S. Atty., Peoria, Ill., for respondent-appellant.

Before POSNER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FLAUM, Circuit Judge.

The United States appeals the reduction—from 15 to 5 years—of the sentence originally imposed on Darrell Lowe after he was convicted of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g).

At trial, Lowe stipulated, on the advice of counsel, to three prior convictions for "violent" felonies—namely, attempted murder, armed robbery, and intimidation. The trial judge therefore enhanced Lowe's sentence by applying the "career criminal" provisions of 18 U.S.C. § 924(e), which mandates a minimum sentence of 15 years for violations of § 922(g) by persons with three or more convictions for "violent felo-

nies" or "serious drug offenses." Lowe filed a motion under 28 U.S.C. § 2255 to reduce his sentence claiming, among other things, that "intimidation," as defined by Illinois law, does not constitute a "violent felony" under the career criminal sentencing provision. The district court agreed, and because Lowe had been convicted of only two other violent felonies, resentenced him without applying § 924(e).

■■■■ Before considering the merits of the government's claims, we must first determine whether it has a right to appeal. Lowe characterizes the government's appeal as one from the sentencing order in his criminal case, which, in *United States v. Horak*, 833 F.2d 1235, 1247–48 (7th Cir. 1987), we declared to be impermissible. Statutory authorization is a prerequisite to an appeal by the United States in a criminal case, *see United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352–53, 51 L.Ed.2d 642 (1977), and no statute authorizes the government to appeal sentencing orders entered by the district courts. *Horak*, 833 F.2d at 1244. If this case was, in fact, an appeal from a sentencing order, Lowe would have a point. But it isn't. Lowe appealed his case after conviction, and lost. *See United States v. Lowe*, 860 F.2d 1370 (7th Cir.), *cert. denied*, 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1988). This appeal is a collateral attack on his sentence, authorized and governed by 28 U.S.C. § 2255; as such it is a *civil* proceeding. Section 2255, which authorizes sentence reductions, is a form of habeas corpus, and expressly authorizes appeals to be taken "as from a final judgment on application for a writ of habeas corpus." *Cf. Graham v. Broglin*, 922 F.2d 379, 380–81 (7th Cir.1991) (suits seeking "quantum change in the level of custody" are habeas suits). "It is well settled that habeas corpus is a civil proceeding," *Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 269, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978), and § 2255 was intended to "afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S.

333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974).

■■■. To this Lowe counters that the government, in its Memorandum in Opposition to Petitioner's Motion to Dismiss, conceded that its appeal was criminal in nature rather than civil, stating:

> Although a § 2255 motion is treated in some respects as a civil matter, it is without question a further step in the movant's criminal case rather than a separate civil action.

But saying so doesn't make it so. The government was wrong, and we are puzzled about why it took this position, but we are not required to abide by its characterization of the legal nature of the proceedings before us. "[I]n this area of the law, . . . 'adjudication upon the underlying merits of claims is not hampered by reliance upon the titles [litigants] put upon their documents.'" *Andrews v. United States*, 373 U.S. 334, 338, 83 S.Ct. 1236, 1239, 10 L.Ed.2d 383 (1963) (quoting Court of Appeals in same case). The Supreme Court long ago laid to rest the characterization of § 2255 actions as a continuation of the criminal proceeding. *See id.* ("An action under 28 U.S.C. § 2255 is a separate proceeding, independent of the original criminal case."); *United States v. Hayman*, 342 U.S. 205, 209 n. 4, 72 S.Ct. 263, 267 n. 4, 96 L.Ed. 232 (1952) (civil rules govern § 2255 actions); *see also* J. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 36.8 (1988). We are neither empowered nor inclined to resurrect it.

Lowe says that *United States v. Hundley*, 858 F.2d 58, 60 (2d Cir.1988), adopted his approach in dismissing an appeal of a § 2255 action brought by the government on the ground that the government had no authority to bring the appeal, but he misreads the case. The *Hundley* court dismissed the government's § 2255 appeal not because the government had no right to appeal under that section, but because the trial judge and the government had engineered the § 2255 action to give the government the right to appeal a defendant's sentence. Rather than ruling on a motion by the defendant to exclude consid-

eration of a prior conviction for purposes of applying a career offender sentencing provision, the judge instead decided to entertain an immediate oral § 2255 motion to set aside the enhanced sentence, and to resentence the defendant without applying the enhancement provision, in order to preserve the government's "right to appeal." The court of appeals rejected the ploy, observing that *"if* the Government could not have appealed directly from a sentence originally imposed without enhancement, it cannot acquire such a right *by the contrivance of a staged plea and sentence ... followed by a pre-determined collateral attack.* Under such circumstances, the section 2255 motion would constitute a collusive suit...." 858 F.2d at 61 (emphasis supplied). The court did not say that the government could not appeal a sentence reduced by means of a § 2255 motion. The court's position was clearly a product of the fact that the § 2255 motion was a sham; it stopped far short of holding, as Lowe suggests, that the government may not, under normal circumstances, appeal sentence reductions granted under § 2255. *Hundley* is more important for what it says about manipulation of the judicial process than about the government's right to appeal in a collateral proceeding.

Section 2255 authorizes appeals "from the order entered on the motion." Lowe argues that, while the district court's order granting the § 2255 motion may have been civil in nature, the actual resentencing order that followed was not. In *Andrews,* 373 U.S. at 340, 83 S.Ct. at 1239–40, the Supreme Court implicitly rejected this overly formalistic reading of § 2255 when it held that appeals could not be taken *before* entry of a sentencing order following the grant of a § 2255 motion. If they can't be taken before, the only option is to take them after. Adopting Lowe's strained reading of § 2255 would render the procedure useless. It is not clear, in any event, that the language of the section itself does not rebut Lowe's argument. The third paragraph of that section directs the district court, when it grants a motion, to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." These, then, are logically the orders contemplated by the subsequent "order entered on the motion" language employed in paragraph six, and an appeal of a sentencing order entered pursuant to a § 2255 motion must be considered an appeal authorized by that section.

So we move to the merits. The government makes two arguments: First, that "intimidation," as defined by ILL.REV.STAT. ch. 38, ¶ 12–6(a)(1), is a "violent felony" as defined under 18 U.S.C. § 924(e)(2)(B)(i); and second, that Lowe's intimidation conviction constitutes a violent felony under § 924(e)(2)(B)(ii) because it actually involved a threat made against an individual.

■ The Supreme Court's recent decision in *Taylor v. United States,* —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), is dispositive on both points. In *Taylor,* the Court adopted the "categorical" approach to interpreting § 924(e) that the Courts of Appeals have uniformly endorsed. That approach defers to statutory definitions of crimes and rejects inquiries into the specific evidence relating to a defendant's conviction. *Id.* 110 S.Ct. at 2159. We must, therefore, reject the government's second argument. Only if the state's statute (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," is it a "violent felony" under § 924; the defendant's actual conduct is irrelevant. If, for example, in the course of stealing your wallet, a pick-pocket injures you, she has not, for the purposes of § 924 anyway, committed a "violent felony."

■ The categorical approach is, however, consistent with the government's first position. One commits the offense of intimidation in Illinois when, "with intent to cause another to perform or to omit the performance of any act, he communicates to another, whether in person, by telephone or by mail, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person

threatened or any other person or on property...." ILL.REV.STAT. ch. 38, ¶ 12–6(a)(1). Since this crime occurs whenever one threatens the use of physical force in order to coerce another, it would seem to qualify easily as a violent felony under § 924. Lowe argues, however, that because the state need not prove the threatened use of force *against a person* in order to secure an intimidation conviction (it could alternatively prove a threat against property), that fact is not an element of the crime, thereby taking the intimidation statute out of the scope of § 924.

In *Taylor*, however, the Court rejected the same argument as applied to statutes defining "burglary"—one of the specifically enumerated offenses that count toward § 924 enhancement—more broadly than the generic definition of that offense. One of the statutes at issue in *Taylor* included breaking and entering into "any booth or tent, or any boat or vessel, or railroad car" as alternative grounds (in addition to breaking and entering into a dwelling) for a burglary conviction. Rejecting the notion that, because the statute provided *additional* grounds for liability, breaking into a dwelling place was no longer an element of the crime, the Court held that "if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." *Id.* at 2160; *see also Whalen v. United States*, 445 U.S. 684, 694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980) (holding rape to be a "necessary element" of felony murder when it was one of six offenses subject to a felony murder statute and defendant was charged with committing rape). By the same reasoning, the enhancement applies to Lowe's intimidation conviction, for he does not dispute that he was charged and convicted for intimidation because he threatened a person, not property. The judgment of the district court is therefore REVERSED.