UNITED STATES of America, Plaintiff–Appellant,

v.

Joseph BYERLEY, Defendant–Appellee.

In the Matter of UNITED STATES of America, Petitioner.

Nos. 94–1598, 94–2310.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1994.

Decided Feb. 3, 1995.

David H. Miller, Asst. U.S. Atty. (argued), Tina Nommay, Asst. U.S. Atty., Fort Wayne, IN, for U.S.

Richard L. Rosenbaum (argued), Michael J. Entin, Fort Lauderdale, FL, for Joseph Byerley.

Before BRIGHT,* BAUER and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

The United States seeks review of the district court's reduction of defendant Joseph Byerley's sentence from a term of 151 months' imprisonment to a term of sixty months' imprisonment. We affirm the reduction of Byerley's sentence and decline to issue a writ of mandamus.

### I.

Byerley was convicted by a jury of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The indictment charged that the length of the conspiracy was "from on or about March 1987 up to January 1990." The probation officer in Byerley's presentence investigation report recommended that the United States Sentencing Guidelines and a statutory minimum sentence of ten years' imprisonment applied to Byerley's conviction. Byerley objected to these recommendations. The following colloquy then occurred at Byerley's sentencing hearing on November 7, 1991:

> MR. ENTIN [counsel for Byerley]: I would ask Your Honor to utilize a non-guideline sentence in this matter on behalf

of Mr. Byerley and use discretion in using pre-guideline parole sentencing.

> THE COURT: What's the Government's position on that point, Mr. Gevers?
> MR. GEVERS [Assistant United States Attorney]: Your Honor, the Government contends that the guidelines are applicable and that Your Honor may, in fact, use those.
> We would point out the conspiracy began in March of—
> THE COURT: Mr. Entin has conceded that I may use them. Is it your position that I'm obliged to?
> MR. GEVERS: No, Your Honor. It was at the Court's discretion.
> THE COURT: I see. So you agree with Mr. Entin's position, it's discretionary with the Court?
> MR. GEVERS: Yes.

Sentencing Hr'g Tr. at 25.

The district court found that Byerley's conspiracy offense began before and ended after November 1, 1987, the effective date of the Guidelines.[1] *Id.* at 66. The following discussion then ensued:

> MR. ENTIN: My position is it would be up to your discretion to impose a mandatory [sic] or mandatory sentence. It would be an ex-post facto issue.
> THE COURT: Probably the same authorities that control with the guideline effective date.
> MR. GEVERS: The Government would concur with that, Your Honor.
> THE COURT: All right. Now, I think I've resolved all of the issues that you've raised, Mr. Entin, except the first issue, which is whether or not the defendant should be sentenced under the guidelines legislation or not.
> And apparently, the Government agrees that on that issue, because the events involved arose both before and after the effective date, that it's discretionary with

---

* The Honorable Myron H. Bright of the United States Court of Appeals for the Eighth Circuit is sitting by designation.

1. Although the indictment charged that the length of the conspiracy was "from on or about March 1987 up to January 1990," the dates spec-

ified in an indictment do not govern whether an offense straddles the effective date of the Guidelines. *E.g., United States v. Corbitt,* 13 F.3d 207, 210 n. 2 (7th Cir.1993); *United States v. Bakker,* 925 F.2d 728, 739 (4th Cir.1991).

the Court as to whether or not to apply the guideline statute or not, is that correct, Mr. Gevers?

MR. GEVERS: Yes, Your Honor.

*Id.* at 66–67. The district court determined that Byerley's applicable sentencing range for his conspiracy conviction under the Guidelines was between 151 and 188 months' imprisonment. *Id.* at 71. The district court then imposed a sentence of 151 months' imprisonment but made clear that "[t]his sentence is imposed pursuant to the sentencing laws as they existed prior to November 1, 1987, the effective date of the sentencing guideline legislation." *Id.* at 74. The district court further stated that it did not "intend that a mandatory ten-year sentence be imposed if the defendant would be eligible for parole prior to that time." *Id.* at 73. At no time during the sentencing hearing did AUSA Gevers object to the district court's failure to impose either a sentence under the Guidelines or a mandatory minimum sentence.

Byerley appealed to a panel of this court, which affirmed the conviction. *United States v. Byerley,* 999 F.2d 231, 237 (7th Cir.1993). The government did not file a cross-appeal. Our mandate was issued on August 4, 1993. On November 24, 1993, within 120 days after the issuance of the mandate, Byerley filed a motion to modify and reduce his sentence under the "old" version of Federal Rule of Criminal Procedure 35(b), which is applicable to offenses committed prior to November 1, 1987.[2] The government opposed the motion. On January 20, 1994, the government filed a motion to correct an illegal sentence or a sentence imposed in an illegal manner under the old version of Federal Rule of Criminal Procedure 35(a) on the grounds that Byerley's sentence was not imposed pursuant to the Guidelines and was not subject to the statutory minimum sentence. The district court denied the government's old Rule 35(a)

motion, granted Byerley's old Rule 35(b) motion, and reduced Byerley's sentence from 151 months' to sixty months' imprisonment because Byerley had demonstrated good behavior since his incarceration.

The United States filed a timely notice of appeal seeking review of the district court's denial of its old Rule 35(a) motion and the district court's reduction of Byerley's sentence pursuant to old Rule 35(b). This appeal was assigned appellate docket number 94–1598. The United States also filed a petition for a writ of mandamus directing the district court to vacate its order reducing Byerley's sentence and to impose a sentence pursuant to the Guidelines and/or the statutory minimum sentence. The petition was assigned appellate docket number 94–2310 and was consolidated with the government's original appeal.

II.

■ The district court found, and the parties agree, that Byerley's conspiracy offense began before and ended after November 1, 1987, the effective date of the Guidelines, and therefore is a straddle conspiracy. Congress has specified that the Guidelines "shall apply only to offenses committed after" the November 1, 1987, effective date, Pub.L. No. 100–182, § 2, 101 Stat. 1266 (1987), and we have interpreted this language as applicable to straddle conspiracies. *United States v. Masters,* 924 F.2d 1362, 1369 (7th Cir.), *cert. denied,* 500 U.S. 919, 111 S.Ct. 2019, 114 L.Ed.2d 105 (1991); *United States v. McKenzie,* 922 F.2d 1323, 1328 (7th Cir.), *cert. denied,* 502 U.S. 854, 112 S.Ct. 163, 116 L.Ed.2d 127 (1991); *United States v. Fazio,* 914 F.2d 950, 958–59 (7th Cir.1990). Section 3553(b) of title 18 requires a district court to impose a sentence within the applicable Guidelines range when the Guidelines apply

**2.** The prior version of Federal Rule of Criminal Procedure 35 provides in relevant part as follows:

(a) **Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) **Reduction of Sentence.** A motion to reduce a sentence may be made ... within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal.... The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

to the offense of conviction, unless the district court finds that "an aggravating or mitigating circumstance" exists that was "not adequately taken into consideration" by the Guidelines. The district court made no such finding in this case. Before considering the district court's denial of the government's old Rule 35(a) motion, however, we must determine whether we have jurisdiction over this issue.

The United States " 'has no right of appeal in a criminal case, absent explicit statutory authority.'" *United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980) (quoting *United States v. Scott,* 437 U.S. 82, 84–85, 98 S.Ct. 2187, 2190, 57 L.Ed.2d 65 (1978)). The government's right to appeal a non-Guidelines sentence imposed for a straddle conspiracy is an issue of first impression in this circuit. *United States v. Corbitt,* 13 F.3d 207, 211 (7th Cir. 1993), held that a timely motion under old Rule 35(a) is the proper vehicle for the government to correct non-Guidelines sentences, even though the requested relief is resentencing under the Guidelines.[3] *Corbitt* did not address whether the government may appeal the denial of an old Rule 35(a) motion

because the district court had granted its motion. *Corbitt,* 13 F.3d at 209. The government relies on three statutes that other circuits have held authorize the government to appeal non-Guidelines sentences, which we will address in turn.

■ The government contends that 18 U.S.C. § 3731[4] and 28 U.S.C. § 1291[5] provide it with statutory authority to appeal the district court's sentencing order. These arguments can be easily rejected. *United States v. Spilotro,* 884 F.2d 1003, 1005–06 (7th Cir.1989) held that neither 18 U.S.C. § 3731 nor 28 U.S.C. § 1291 provides the United States with statutory authority to appeal from a district court's reduction of a non-Guidelines sentence. *See also United States v. Horak,* 833 F.2d 1235, 1244–48 and 1247–48 n. 10 (7th Cir.1987) (holding that the United States has no authority under 18 U.S.C. § 3731 or 28 U.S.C. § 1291 to appeal from a district court's sentencing order denying forfeiture). *Spilotro* and *Horak* are controlling in this case, and the government has provided no justification for revisiting these decisions. We therefore reject these asserted bases of jurisdiction for the reasons stated in *Spilotro* and *Horak.*

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court[ ] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
> An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.
> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.
> The provisions of the section shall be liberally construed to effectuate its purposes. ·

5. Section 1291 provides in relevant part that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

---

3. Whether the government's motion to correct Byerley's sentence under old Rule 35(a) was timely is a question we need not answer. Old Rule 35(a) distinguishes a "sentence imposed in an illegal manner" from an "illegal sentence" and imposes jurisdictional time restrictions to correct the former but not the latter, which the government concedes were not met in this case. We recognized in *Corbitt* that whether an erroneous nonapplication of the Guidelines should be considered a "sentence imposed in an illegal manner" or an "illegal sentence" under old Rule 35(a) was a difficult question which we expressly declined to address. *Corbitt,* 13 F.3d at 210–11 n. 6. Because it will not affect our ultimate decision in this case, we will assume, without deciding, that an erroneous nonapplication of the Guidelines is an "illegal sentence" under old Rule 35(a). *See id.*

4. Section 3731 provides:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

The government also contends that it has statutory authority to appeal the district court's order pursuant to 18 U.S.C. § 3742(b)(1), which provides that the government "may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence was imposed in violation of law."[6] The government relies on *United States v. Story,* 891 F.2d 988, 991 (2d Cir.1989), which held that the government could directly appeal a non-Guidelines sentence imposed for a straddle conspiracy under 18 U.S.C. § 3742(b)(1).

We agree with the Second Circuit's conclusion that an erroneous nonapplication of the Guidelines is a sentence imposed "in violation of law" within the meaning of 18 U.S.C. § 3742(b)(1). Like the Guidelines themselves, 18 U.S.C. § 3742 applies to offenses "committed after" November 1, 1987, Pub.L. No. 100–182, § 2, 101 Stat. 1266 (1987), and we have held that this language applies to straddle conspiracies. Section 3553(b) of title 18 requires district courts to impose a sentence within the applicable Guidelines range when the Guidelines apply (unless the district court finds an aggravating or mitigating circumstance, which did not occur here), so the imposition of a non-Guidelines sentence violates this statute. *Cf. United States v. Seacott,* 15 F.3d 1380, 1384–86 (7th Cir.1994) (amendments to the Guidelines are "laws" within the meaning of the Ex Post Facto Clause of the Constitution); *see also Mistretta v. United States,* 488 U.S. 361, 413, 109 S.Ct. 647, 676, 102 L.Ed.2d 714 (1989) (Scalia, J., dissenting) ("[The Guidelines] have the force and effect of laws, prescribing the sentences criminal defendants are to receive. A judge who disregards them will be reversed, 18 U.S.C. § 3742."). One could argue that 18 U.S.C. § 3742(b)(1)

merely refers to erroneous applications of the Guidelines, but this would render this subsection superfluous in light of 18 U.S.C. § 3742(b)(2), which provides that the government may appeal "an incorrect application of the sentencing guidelines." A non-Guidelines sentence imposed for a straddle conspiracy thus is appealable by the government pursuant to 18 U.S.C. § 3742(b)(1). The portion of the district court's order declining to impose a statutory minimum sentence is also appealable by the government pursuant to 18 U.S.C. § 3742(b)(1). *See United States v. Anderson,* 921 F.2d 335, 337 (1st Cir.1990) (district court's erroneous refusal to sentence defendant under the Armed Career Criminal Act, 18 U.S.C. § 924(e), is a sentence imposed "in violation of law.").

We also have jurisdiction under the All Writs Act, 28 U.S.C. § 1651,[7] to consider the government's mandamus petition even if 18 U.S.C. § 3742(b)(1) did not confer jurisdiction. It is well established that we have jurisdiction under 28 U.S.C. § 1651 to issue a writ of mandamus directing a district court to vacate an illegal sentence and resentence a defendant. *Spilotro,* 884 F.2d at 1006–07; *Horak,* 833 F.2d at 1248–49 (collecting cases); *In re United States,* 900 F.2d 800, 802 n. 4 (5th Cir.) (collecting cases), *cert. denied,* 498 U.S. 905, 111 S.Ct. 271, 112 L.Ed.2d 227 (1990).

Having assured ourselves of jurisdiction over the government's appeal, we conclude that the government has waived the issues raised therein. At Byerley's sentencing hearing, AUSA Gevers stated several times that the government's position was that the district court had discretion to apply the Guidelines to Byerley's conviction and to impose a mandatory minimum sentence.

---

**6.** We declared in *Lowe v. United States,* 923 F.2d 528, 529 (7th Cir.), *cert. denied,* 500 U.S. 937, 111 S.Ct. 2066, 114 L.Ed.2d 471 (1991) that "no statute authorizes the government to appeal sentencing orders entered by the district courts." This statement is dictum because the government was appealing a sentence reduction pursuant to a motion under 28 U.S.C. § 2255, and therefore *Lowe* was a civil proceeding. *Lowe,* 923 F.2d at 529. The statement also is wrong. Section 3742(b) of title 18, which applies to offenses committed after November 1, 1987, clearly authorizes such appeals. *Horak,* the only authority cited by *Lowe* in support of its proposition, merely held that the United States has no authority under 18 U.S.C. § 3731 or 28 U.S.C. § 1291 to appeal from a district court's sentencing order. *Horak,* 833 F.2d at 1244–48 and 1247–48 n. 10.

**7.** Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

AUSA Gevers made these representations even though *Masters, McKenzie,* and *Fazio,* which established that the Guidelines apply to straddle conspiracies in this circuit, had been decided prior to Byerley's sentencing hearing. (At oral argument the government could give us no rationale for its position at the hearing.) The district court then relied upon the government's representations in imposing a non-Guidelines, non-mandatory sentence. AUSA Gevers did not object to Byerley's sentence during the hearing, and the government did not file a cross-appeal to vacate the sentence when Byerley appealed his conviction to this court. We do not think that the government, after bypassing these opportunities to challenge Byerley's sentence, can now raise its arguments through an old Rule 35(a) motion.

■ We recognize that under old Rule 35(a), district courts have "broad authority to reexamine the legality of a sentence long after it was originally imposed." *Corbitt,* 13 F.3d at 212. This authority, however, does not include "re-examin[ing] errors occurring at trial or other proceeding prior to the imposition of sentence," including sentencing hearings. *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962); *accord Corbitt,* 13 F.3d at 213. The doctrine of waiver, which applies to a criminal defendant's old Rule 35 motion, also applies to an old Rule 35 motion by the government because the underlying principles are the same: the client is the principal, the attorney is an agent, and under the law of agency the principal is bound by the actions of his agent. *United States v. 7108 West Grand Ave.,* 15 F.3d 632, 634 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994). Errors and misconduct of an agent redound to the detriment of the principal rather than to the principal's adversary in litigation. *Id.* "An attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." *United States v. Sloman,* 909 F.2d 176, 182 (6th Cir.1990). AUSA Gevers bound his principal and client, the United States, to the position

that the application of the Guidelines and a mandatory minimum sentence to Byerley's conviction was discretionary with the district court. The government cannot now use old Rule 35(a) to overcome the errors of its agent.

■ We also decline to issue a writ of mandamus directing the district court to vacate its order reducing Byerley's sentence and to impose a sentence pursuant to the Guidelines and/or the statutory minimum sentence. Mandamus is " 'an extraordinary remedy reserved for extreme situations.' " *Horak,* 833 F.2d at 1248 (citation omitted). A writ of mandamus "traditionally is available only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Id.* (citation omitted). The party seeking mandamus has "the burden of showing that its right to issuance of the writ is 'clear and indisputable.' " *Will v. United States,* 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967) (citation omitted). The government has fallen far short of its burden since it has provided us with no reason why it should not be bound by AUSA Gevers' actions at Byerley's sentencing hearing.

■ The only remaining issue is whether the district court abused its discretion in granting Byerley's old Rule 35(b) motion to reduce his non-Guidelines, non-mandatory sentence. Our review of the district court's order is "extremely limited" because "[t]he decision to grant or deny a timely filed [old] Rule 35 motion is a matter of pure discretion." *United States v. Rovetuso,* 840 F.2d 363, 365 (7th Cir.), *cert. denied,* 484 U.S. 903, 108 S.Ct. 245, 98 L.Ed.2d 203 (1987). The district court granted Byerley's old Rule 35(b) motion because it determined that Byerley had an exemplary prison record since his incarceration. This conclusion is supported by the record and thus does not constitute an abuse of discretion.[8]

For the foregoing reasons, the district court's order reducing Byerley's sentence and denying the government's old Rule 35(a)

---

8. We therefore do not need to address Byerley's alternative arguments that resentencing him would violate the Double Jeopardy Clause and/or the Due Process Clause of the Fifth Amendment.

motion is AFFIRMED, and the government's petition for a writ of mandamus is DENIED.

BRIGHT, Circuit Judge, concurring.

While I entertain substantial doubt of the government's right to appeal in this case, nevertheless I will assume appealability without deciding that issue. I agree with the "waiver" analysis and, therefore, concur in the affirmance.