**Ivan J. CORREA, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 97 C 1630.

United States District Court,
N.D. Illinois,
Eastern Division.

June 13, 1997.

Ivan J. Correa, Memphis, TN, pro se.

Bennett Earl Kaplan, U.S. Attorney's Office, Chicago, IL, for U.S.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is petitioner Ivan J. Correa's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons that follow, the court denies Correa's petition.

## I. BACKGROUND

The facts underlying Correa's conviction and sentence were set out by the Seventh Circuit in its opinion affirming Correa's and his co-defendants' convictions and sentences. See United States v. Ortiz, 5 F.3d 288, 290 (7th Cir.1993). In short, though, an undercover DEA agent arranged to buy seven kilograms of cocaine from suspected drug dealers. The drug transaction took place at Correa's apartment, and Correa actively participated in the drug transaction. Correa and his co-defendants were arrested, indicted, and ultimately convicted of conspiracy to distribute and possession with intent to distribute approximately seven kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

For his role in the conspiracy, Correa was sentenced to 168 months' imprisonment. Correa appealed his sentence, arguing only that this court erred in finding that he was a manager or supervisor of the conspiracy, resulting in a three-level increase in his offense level under the United States Sentencing Guidelines. See Ortiz, 5 F.3d at 292. The Seventh Circuit found that evidence in the record supported this court's finding, and affirmed Correa's sentence. See id.

Correa now petitions the court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

Correa raises essentially four arguments in support of his petition. First, he contends that he was entrapped by government officials in violation of his constitutional rights to due process and equal protection. Second, he contends that because he is actually innocent of the offenses of which he was convicted, the government violated his constitutional rights by charging him with the offenses. Third, he argues that he was denied his sixth amendment right to effective assistance of counsel. Fourth, he contends that he was denied his fifth amendment right to a fair trial and sentencing when the trial judge became prejudiced toward him and no longer could remain impartial throughout trial and sentencing.

Correa has waived each of these arguments by not presenting it on direct appeal. Moreover, even if Correa had not waived his arguments, they are without merit.

### A. Waiver of arguments

█ Section 2255 permits a court to vacate, set aside, or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject to collateral attack...." 28 U.S.C. § 2255. However, a section 2255 petition is not a substitute for direct appeal. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995) (citations omitted). Consequently, a defendant who has failed to raise a claim on direct appeal cannot raise it in a section 2255 petition unless he can establish both good cause for the failure to appeal the issue and actual prejudice resulting from the error of which he complains, for a constitutional claim, United States v. Frady, 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); see also Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), cert. denied, 510

---

1. Section 2255 is captioned "Federal custody; remedies on *motion* attacking sentence," and provides that a prisoner in custody under sentence of a federal court may "*move* the court [that] imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 (emphasis added). Thus, section 2255 explicitly refers to prisoner requests to vacate, set aside, or correct sentences as post-conviction motions.

However, courts uniformly treat a section 2255 request as a civil proceeding separate from the criminal case, similar to a habeas corpus petition. See Lowe v. United States, 923 F.2d 528, 529 (7th Cir.1991). Accordingly, the court will refer to this section 2255 proceeding as a petition, with Correa as petitioner and the government as respondent.

U.S. 1099, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994), or that the alleged error constituted a "fundamental defect" that "inherently result[ed] in a complete miscarriage of justice," for a non-constitutional claim. *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quotations omitted); *see also McCleese v. United States*, 75 F.3d 1174, 1177–78 (7th Cir.1996).

▄ Correa did not present any of his section 2255 arguments on direct appeal, where he simply raised the issue of whether the court erred in finding him a manager or supervisor of the conspiracy. Thus, unless Correa can show good cause for his failure to raise his section 2255 petition arguments on direct appeal and actual prejudice from the errors of which he complains, or that a complete miscarriage of justice resulted from the alleged errors, his arguments are waived.

Correa has not offered any explanation for his failure to raise his section 2255 arguments on direct appeal. All of the issues raised in Correa's section 2255 petition could have been raised on direct appeal, because they involve facts or legal arguments that were or should have been apparent to Correa or his counsel during or immediately after trial or sentencing. While Correa claims that his trial counsel was ineffective, he does not contend that his appellate counsel was ineffective. Thus, because "no reason is presented for [Correa's] having waited, the interest in finality requires that the failure to have raised the issue[s] on appeal be deemed a waiver of [them]." *Guinan v. United States*, 6 F.3d 468, 472 (7th Cir.1993).

Moreover, even if Correa had established good cause for his failure to raise the issues on direct appeal, he could not have established prejudice from the alleged errors, or that a complete miscarriage of justice resulted from the alleged errors, because none of his arguments has any merit.

### B. *Actual innocence*

▄ Correa claims that he is actually innocent of the crimes of which he was convicted, and therefore that his constitutional rights were violated by his being charged and convicted of crimes that he did not commit. As the government correctly notes, Correa's actual innocence argument is nothing more than a challenge to the sufficiency of the evidence that supported his conviction.

In challenging the sufficiency of the evidence, Correa "faces a nearly insurmountable hurdle." *United States v. Teague*, 956 F.2d 1427, 1433 (7th Cir.1992). " 'Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict' " for insufficiency of evidence. *Id.* (quoting *United States v. James*, 923 F.2d 1261, 1267 (7th Cir.1991) (quotations omitted)). The standard for this court's review of the sufficiency of evidence in a section 2255 petition is the same as the appellate court's on direct appeal. *United States v. Theodosopoulos*, 48 F.3d 1438, 1444 (7th Cir.), *cert. denied sub nom. Ghanayem v. United States*, —— U.S. ——, 116 S.Ct. 191, 133 L.Ed.2d 128 (1995).

In his affidavit attached to his section 2255 petition, Correa claims that on the day of his arrest, he had made plans to go get something to eat with his friend (and co-defendant) Martin Feliciano. At the same time that Feliciano arrived at Correa's apartment, Jose Ortiz (also a co-defendant) arrived with a person Correa had never seen before. The person asked if he could use Correa's bathroom. Correa told him no, but the stranger went to the bathroom anyway. By the time Correa and Feliciano were ready to leave for something to eat, they were arrested. Correa claims that he had absolutely no knowledge of what was going on, other than that he was going to get something to eat. Correa claims that he is innocent of the crimes of which he was convicted and at no time entered into an agreement with any of his co-defendants or any informer or agent to sell cocaine.

This also was Correa's theory of defense at trial—that he was merely present during but not involved in the cocaine sale. Unfortunately for Correa, the evidence at trial proved different. The evidence clearly showed that Correa actively participated, and in fact had a managerial or supervisory role, in the drug conspiracy of which he was convicted. Based on this evidence, the jury

rejected Correa's theory of defense and found Correa guilty of the drug conspiracy. The jury's verdict must remain intact because the record contains a substantial amount of evidence from which the jury could have found Correa guilty beyond a reasonable doubt. *See Teague,* 956 F.2d at 1433.

Because the evidence presented at trial was sufficient to support Correa's conviction and sentence, Correa's constitutional rights were not violated by his being charged with and convicted of the crimes for which he is now incarcerated.

### C. *Entrapment*

■ Correa contends that he was entrapped by the undercover agents when they entered his apartment on the day of his arrest during the illegal drug deal, which took place without his knowledge. Correa contends that he was not predisposed to commit the crimes for which he is now incarcerated.

Correa's entrapment argument is inherently inconsistent with his version of the events that occurred on the day he was arrested. *See* section II.B. above. Correa claims that he had no knowledge of the crimes and was not involved in them in any way. However, if Correa had been entrapped, he would have participated in the crimes, but would have done so at the government's inducement. *See Jacobson v. United States,* 503 U.S. 540, 548–49, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992); *Lopez v. United States,* 373 U.S. 427, 434–35, 83 S.Ct. 1381, 1385–86, 10 L.Ed.2d 462 (1963).

■ The court recognizes that even if a defendant denies one or more elements of a crime, he is entitled to an entrapment instruction whenever sufficient evidence exists from which a reasonable jury could find entrapment. *Mathews v. United States,* 485 U.S. 58, 62, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988). In this case, though, no evidence whatsoever supported an entrapment defense. In contrast, the evidence of Correa's willing participation in the drug transaction was substantial and not contradicted by any credible evidence. Correa clearly was not entrapped.

### D. *Ineffective assistance of counsel*

Correa next contends that he was deprived of his sixth amendment right to effective assistance of counsel. He claims that his trial counsel was ineffective because counsel would not allow Correa to testify in his own behalf; failed to raise entrapment as a defense; and suffered from a conflict of interest because he became an Assistant United States Attorney immediately following Correa's trial, and so had no desire to excel as a defense attorney for Correa.

A petitioner raising the claim of ineffective assistance of counsel must show that counsel's performance was so deficient that counsel "was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The petitioner also must show that counsel's performance prejudiced the defense; that is, but for counsel's performance, the result of the proceeding probably would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

■ When determining whether counsel's performance was defective, the court gives deference to counsel's decisions. A strong presumption exists that counsel's representation "falls within the wide range of reasonable professional assistance" and " 'might be considered sound trial strategy' ". *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 (quoting *Michel v. State of Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

■ Correa fails to meet the foregoing standards. First, the trial record is clear that Correa knowingly and voluntarily decided not to testify at trial. The court several times asked Correa's counsel if Correa was going to testify. Before counsel told the court whether or not Correa would testify, counsel moved the court not to allow the government to pursue certain topics on cross-examination of Correa. When the court denied the motion, counsel told the court that Correa was not going to testify.

The court then questioned Correa himself about the decision not to testify. Correa told the court that he was not going to testify. The court told Correa that it was his decision whether or not to testify, and asked him whether he had discussed the decision with his lawyer. Correa told the court that he had discussed the decision with his lawyer and that it was his decision not to testify.

It is clear that Correa himself, in consultation with his lawyer, decided not to testify at his trial. Moreover, if Correa's counsel advised Correa not to testify, it is equally clear that counsel did so out of sound trial strategy, because he did not want the government to be able to introduce certain evidence through cross-examination of Correa. Therefore, Correa's counsel was not ineffective because of Correa's decision not to testify at trial.

■ Second, as the court noted above, a defense of entrapment would have been inherently inconsistent with Correa's theory of defense at trial—that he was present at but not involved in the cocaine deal. Moreover, as the court already noted, the evidence at trial would not have supported an entrapment defense. Consequently, Correa's counsel was not ineffective for failing to raise the entrapment defense.

■ Third, Correa has provided no substantiation for his conclusory presumption that his trial counsel was ineffective because he became a federal prosecutor shortly after Correa's trial. Correa has not identified any particular instance where the alleged conflict of interest affected his counsel's performance. Moreover, the mere fact that Correa's counsel left criminal defense work and became a federal prosecutor immediately after Correa's trial in itself does not create the presumption that his counsel labored under an actual conflict of interest when he represented Correa. See United States v. Horton, 845 F.2d 1414, 1419 (7th Cir.1988) (rejecting presumption that defense attorney who was being considered for position of United States Attorney was "unable to represent a defendant in federal court to the best of his ability, and with the defendant's best interest in mind"). Consequently, Correa's counsel

was not ineffective simply because he became a prosecutor immediately after Correa's trial.

Since Correa has not shown that his counsel's performance was deficient, the court need not consider whether counsel's performance prejudiced the defense. However, suffice it to say that the evidence presented at trial against Correa, was considerable. Even if counsel's performance had been deficient in the ways that Correa suggests, Correa very probably would have been convicted anyway. Thus, Correa was not prejudiced by his trial counsel's alleged errors.

### E. *Court bias*

Correa alleges that this court was biased against him, and therefore that he was deprived of a fair trial and sentencing. Correa's sole support for his claim are his allegations that the judge stated that he had been in the hospital and had taken the chance of dying to be in court to sentence Correa; and that Correa's counsel had become so outraged at the court's conduct at sentencing that he could not control his anger and had to be admonished by the court to regain his composure.

The problem with Correa's claim of bias is that his allegations are completely baseless. A review of the sentencing transcript shows that Correa's version of his sentencing is pure fiction; these alleged events simply did not occur. Since Correa has not demonstrated that the court held any impermissible bias towards him, he has not substantiated his claim that he was deprived of a fair trial and sentencing because of the court's bias.

In sum, because Correa waived all of the arguments contained in his section 2255 petition by not raising them on direct appeal, and because, in any event, the arguments are of no merit, the court denies Correa's section 2255 petition.

### III. CONCLUSION

For the foregoing reasons, the court denies defendant Ivan J. Correa's petition to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.